## The Pennsylvania Co., etc., Trustee, v. Maitin, Exec.

*Lewis, Wolff & Gourlay,* for plaintiff.
*Saul, Ewing, Remick & Harrison,* for defendant.

LEWIS, J., October 5, 1943.—The matter came before us upon a petition to strike off a suggestion of death and to vacate a decree entered upon a petition to fix fair value under the Deficiency Judgments Act of July 16, 1941, P. L. 400.

In September of 1925, David Volinsky executed a bond and mortgage to plaintiff, The Pennsylvania Company, etc., trustee. In 1937 the mortgage was foreclosed upon under a sci. fa. proceeding, and judgment was duly entered against Volinsky for want of an affidavit of defense and damages were assessed in the amount of $3,379.90. The premises were sold by the sheriff in June of 1937 to The Pennsylvania Company, etc., trustee, etc., plaintiff in the foreclosure, for $50. Volinsky died on October 17, 1941, and on Octo-

ber 28, 1941, Isaac Maitin became executor under his will. The issuance of letters was duly advertised and was made known to plaintiff. On January 16, 1942, plaintiff filed a petition to fix the fair value of the premises foreclosed upon and to establish a deficiency judgment. In this petition plaintiff named David Volinsky as respondent; the executor was not named. No service having been made before the return day, the matter was continued and, in the interim, plaintiff, on its own motion, but not until June 24, 1942, filed with the prothonotary a suggestion of the death of Volinsky and the substitution of Isaac Maitin, executor of the estate of David Volinsky, as respondent. Thereafter, the original petition was served on the executor. As no answer was filed to this petition, on October 9, 1942, the court entered a decree fixing the fair value of the premises at $2,600, and required "a release shall be filed within 60 days for $2495.70; upon release being filed leave is granted to proceed for the balance of said debt and judgment."

On December 28, 1942, the executor filed the petition to strike off and vacate the decree upon which the matter now comes before the court.

The Deficiency Judgments Act of July 16, 1941, P. L. 400, requires a plaintiff desiring to establish a deficiency judgment to file a petition to fix the fair value of the premises foreclosed upon within six months of the sale or within six months of the effective date of the act. It specifically discharges from further liability any person who is not named in the petition. The petition herein was not filed until the last day within the six-month period and did not contain the name of any living person as respondent. Plaintiff's failure to name the executor of the deceased debtor was its own error, as the trustee had knowledge of Volinsky's death. We are thus drawn to the conclusion that the petition was a nullity, since an action cannot be directed against a dead person as such. The suggestion

of death filed nearly six months later was an attempt by amendment of a petition to revive something that was already dead. There can be no amendment where there is nothing to amend. See Thompson et al. v. Peck et al., 320 Pa. 27, and cases cited therein. The right to move to fix a fair value under the sale which had taken place in 1937 ended on January 16, 1942.

Plaintiff's contention that the Fiduciaries Act of June 7, 1917, P. L. 447, extends the limitation of the 1941 act so as to permit proceeding against the decedent within one year after his death does not impress us as a reasonable interpretation of the effect of the two acts upon each other. The Deficiency Judgments Act was enacted many years after the Fiduciaries Act, and does not make special provision for an extension of the time for filing a petition against an executor or administrator of a decedent debtor. The legislative intent was to extend the relief of the act to all debtors. Plaintiff had knowledge of the death of the judgment debtor and of the fact that the executor had qualified. There may well be cases in which the plaintiff may not have such knowledge or sufficient time within which to file a petition against a fiduciary within the period fixed by the Deficiency Judgments Act. We will not rule upon such a situation now. This case is not to be construed as a precedent where there may be equitable reasons for extending the time for bringing in the executor or administrator. No conditions existing in this proceeding supply such equitable grounds and persuasion. On the contrary, the plaintiff trustee waited until the expiration date before filing its petition to fix fair value and then allowed another six months to elapse before attempting to correct its error by suggesting the debtor's death and substituting his legal representative.

The exceptions filed to our order making absolute the rule to strike off the suggestion of death and to vacate the decree entered upon the petition to fix fair value are dismissed.