## Arnold et al. v. Stambaugh et al.

*Richard E. Kohler* and *Horace E. Smith,* for plaintiffs.

*Fisher, Ports & May* and *Markowitz & Liverant,* for defendants.

SHERWOOD, P. J., June 13, 1949.—This matter is before the court on a motion for judgment by James J. Gerry, administrator of the estate of Philip Hugh Stambaugh, deceased, and against plaintiffs, Victor R. Arnold and Veletta M. Arnold, on the ground that Philip Hugh Stambaugh died on January 17, 1947, the date of the collision, and that suit against him was not instituted until July 30, 1948, more than one year after his death. In the answer of defendant, James J. Gerry, administrator of the estate of Philip Hugh Stambaugh, he pleads the statute of limitations as barring the action instituted by plaintiffs.

All relevant facts necessary for a decision are found in plaintiffs' complaint and their answer to new matter averred by James J. Gerry, administrator of the estate of Philip Hugh Stambaugh, deceased. The issue presented for the court's determination is whether section 35(b) of the Fiduciaries Act of 1917, as amended, is a bar to the action.

On January 17, 1947, Philip Hugh Stambaugh, aged 17 years, was operating an automobile owned by his father, Robert J. Stambaugh, northwardly on Route 24 from Spry to York, Pa., at a point south of York, Pa. The vehicle operated by Philip Hugh Stambaugh collided with a vehicle operated by Victor Arnold, as the result of which the Arnolds were injured. As a result of the accident, Philip Hugh Stambaugh died on January 17, 1947.

On July 30, 1948, suit was instituted in trespass by the Arnolds against James J. Gerry, administrator of Philip Hugh Stambaugh, deceased, and the latter's parents. The administrator pleaded the law of the statute of limitations, the cause of action having arisen on January 17, 1947, decedent having died that day, and no action having been brought for more than one year thereafter.

The action in the case is trespass for personal injuries and property damage. The accident occurred on

January 17, 1947, at approximately 9:14 p.m. Philip Hugh Stambaugh, the operator of assured's automobile, died as the result of the accident. The following cases stand for the proposition that the bringing of the action in the case at bar is limited to one year, as is provided in section 35(b) of the Fiduciaries Act, as amended:

In Thompson et al. v. Peck et al., 320 Pa. 27 (1935), 181 Atl. 597, Mr. Justice Drew stated:

"At the time of Peck's death plaintiffs had a claim against him for personal injuries alleged to have been caused by his negligence. The action was a personal one, and at common law it would have perished with the death of the wrongdoer. To remedy the injustice that resulted from the common-law rule whereby an injured party was denied all relief in the event of the wrongdoer's death prior to the commencement of suit against him, statutes were passed from time to time providing for the survival of the cause of action. The provisions of these statutes have been re-enacted and supplemented by section 35 (b) of the Act of June 7, 1917, P. L. 447, as amended by the Act of March 30, 1921, P. L. 55, and the Act of May 2, 1925, P. L. 442. That section, as so amended, provides in part as follows: 'Executors or administrators . . . shall be liable to be sued . . . in any (personal) action . . . which might have been maintained against such decedent if he had lived. All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent may be brought against his executors or administrators at any time within one year after the death of the decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred.' Upon Peck's death plaintiffs' rights became subject to the provisions of this statute and were measured by it, and, unless suit was brought against the personal representatives

within the time therein prescribed, it is now completely barred. Plaintiffs instituted no proceedings against defendants within the year following December 3, 1933, the date of Peck's death, and their action is therefore barred by the statute. . . .

"No proceedings were taken against defendants until after the expiration of the year provided for by the statute; it follows that the action is barred."

Mr. Justice Drew, the same justice who decided the Thompson case, supra, recently confirmed his interpretation of section 35(b) in the case of Stegner v. Fenton, 351 Pa. 292, 40 A.(2d) 473 (January 18, 1945). This was a wrongful death action brought by the administrator of deceased against a living defendant. It was brought after one year but before two years from the date of the accident. Defendant tried to invoke the one-year limitation of section 35(b) but Justice Drew stated:

"The statute fixes no limitation of time as to personal actions which are brought by executors or administrators. The limitation of one year mentioned subsequently in the same section of the Act refers only to rights of action brought *against* executors and administrators."

Judge Iobst, of Lehigh County, followed the Thompson case, supra, in his decision in the case of Cunningham v. Horlacher, 17 Lehigh 189 (1936), stating:

"The second reason for the entry of the compulsory non-suit is sound in view of the construction of the law on this subject, laid down by our Supreme Court in the case of Thompson et al. vs. Peck et al., 320 Pa. 27 . . . In the instant case the proceedings were initiated on January 11, 1935. The action was brought against the estate of Frederick D. Horlacher, the alleged wrongdoer, who died on January 10, 1934. It is clearly evident that these proceedings were not instituted within one year after the death of the decedent

and plaintiff's action is therefore barred by the statute. . . ."

In the case of Hoppl's Estate, 27 Northamp. 299 (May 6, 1940), the facts were as follows:

On July 23 (or 26), 1938 (these two dates are in dispute), decedent and plaintiff were riding in a car driven by decedent and an accident occurred, allegedly caused by the negligence of decedent, injuring plaintiff and killing decedent. Plaintiff failed to bring an action by July 26, 1939, but after that time he cited the widow of the decedent to take out letters of administration in order that he might bring suit against the estate. The petition for citation was denied by Laub, J., saying:

". . . his right to bring an action was limited to a period of one year from either July 23, 1938, or July 26, 1938, or the statute of limitations barred his right of action on July 23rd or July 26, 1939."

This case supports the position of defendant in the case at bar because, normally, had decedent lived, plaintiff would have had until July 23, or July 26, 1940, to bring his action, but the court held that section 35(b) limited his right of action to one year.

In Beckman, Secretary of Banking, v. Owens, 135 Pa. Superior Ct. 404 (1939), the facts were that a few days before the expiration of one year from the death of decedent, a creditor brought an action in assumpsit against the executrix named in the will of decedent, and, approximately one week later, defendant executrix probated the will and letters testamentary were granted to her. The summons and statement of claim were served upon her. It was accordingly held that suit was properly brought and that service on the executrix was valid. It will be noticed that in this case the facts show the suit was brought before the expiration of one year from the date of the death of decedent. In this case, however, the court inferentially stated

that if suit had been brought one year after the death of decedent it would have been barred.

In the above cited cases the courts have been called upon to interpret section 35(*b*) of the Fiduciaries Act and in each instance the answer has been what it obviously means: that any personal action may be brought ". . . at any time within one year after the death of the decedent."

Judicial decision supports this declaration of legislative intent and while nothing was said in the Act of 1917 about the time within which such actions could be maintained, the Supreme Court, in Bangert v. Provident Trust Co., 314 Pa. 442 (1934), held that the obvious intent and purpose of the legislature was to bring estates quickly to a close:

" 'If we examine the Fiduciaries Act . . . there is found an evident legislative purpose that estates shall be promptly closed. . . . As stated by the commissioners who framed the act, the shortening of the time for the adjustment of all demands, and a final accounting, was the result attempted to be attained.

" 'If there be an outstanding assertable right against the estate, it must be proceeded against with due diligence, and the legislature has indicated the period deemed reasonable' ": McGrann v. Allen et al., 291 Pa. 574, 580, 581.

In line with this obvious legislative purpose the legislature added the following amendment to section 33(*b*) of the Fiduciaries Act on May 2, 1925, P. L. 442, sec. 1, 20 PS §772:

"All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent may be brought against his executors . . . at anytime within one year after the death of the decedent, notwithstanding the provisions of any Statutes of Limitations whereby they would have been sooner barred."

The provisions of the Statutory Construction Act of 1937 inescapably and logically lead to that conclusion. Bearing in mind that section 35(*b*) of the Fiduciaries Act of 1917, and the amendment of 1925, is a statute in derogation of the common law (the common law was that personal actions ex delicto did not survive the death of the wrongdoer) the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558:

"All provisions of a law of the classes hereafter enumerated shall be strictly construed: . . .

"(8) Provisions enacted prior to the effective date of this law which are in derogation of the common law."

If we are to construe strictly section 35(*b*) of the Fiduciaries Act, as we are commanded to do by the Statutory Construction Act, then we must strictly apply the one-year provision of the limitations section of 35(*b*) and, therefore, the action is barred.

Moreover, a careful chronological study of the history of the statutory law of Pennsylvania of survival of causes of action and suits thereupon by or against fiduciaries, and an application of the Statutory Construction Act thereto, leads to a similar conclusion. Set down in chronological order is the history of this statute from the common law to date:

Justice Drew, in Thompson v. Peck, 320 Pa. 27, stated that causes of actions ex delicto were personal and "perished with the wrongdoer".

The Act of February 24, 1834, P. L. 70 (1833-34), sec. 28, changed the common law by providing:

"Executors and administrators shall have power to commence and prosecute all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander, for libels, and for wrongs done to the person; and they shall be liable to be sued in any action, except as aforesaid,

which might have been maintained against such decedent if he had lived."

The enactment of this statute obviously permitted causes of action to survive the death of the wrongdoer. The act carried no limitation provisions whatsoever.

The Act of June 7, 1917, P. L. 447, sec. 35(*b*), reënacted section 28 of the Act of February 24, 1834, as follows:

"Executors or administrators shall have power to commence and prosecute all actions for *mesne* profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels; and they shall be liable to be sued in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived."

There was no limitation of time provision in this reënactment.

The Act of March 30, 1921, P. L. 55, amends section 35(*b*) of the Act of June 7, 1917, by providing that:

"Executors or administrators shall have power, *either alone or jointly with other plaintiffs*, to commence . . . and they shall be liable to be sued, *either alone or jointly with other defendants . . .*"

The italic words in the above quotation were the added amending words and the remainder of the act was precisely the same as contained in the Act of June 7, 1917.

The Act of May 2, 1925, P. L. 442, further amended section 35(*b*) of the Act of June 7, 1917, P. L. 447, as amended by the Act of March 30, 1921, P. L. 55, by adding the statute of limitations provision which defendant seeks to enforce in the case at bar. The title to the Act of May 2, 1925, reads as follows:

"To further amend clause (b) of section 35 of the Act approved the seventh day of June, one thousand

nine hundred and seventeen (Pamphlet Laws, four-hundred and forty-seven), entitled". . . (here is set forth in full the title to the Act of June 7, 1917). ". . . *by extending the statutes of limitations in actions against decedents' estates.*"

Thus, the title to the Act of June 7, 1917, as amended by the Act of March 30, 1921, was amended to include the words in the above-quoted title which are italicized.

The body of section 35(*b*) of the Act of June 7, 1917, P. L. 447, as amended, was further amended by this Act of May 2, 1925, P. L. 442, by adding the following limitation on the survival provisions of section 35(*b*) :

"All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent may be brought against his executors or administrators at any time within one year after the death of the decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred."

This is the first time in the entire statutory history of the survival of causes of actions that a limitation was imposed upon survival of causes of actions, and it was accomplished by:

1. Amending the title to the Act of June 7, 1917, to include the words "by extending the statutes of limitations in actions against decedents' estates," and

2. By tacking onto the body of section 35(*b*) of the Act of June 7, 1917, the limitations provisions above quoted.

The Act of July 2, 1937, P. L. 2755, further amended the title to the Act of June 7, 1917, and the body of the act by providing:

The title to the Act of June 7, 1917, as amended, stated "an act relating . . . including . . . *and suits against fiduciaries* . . ." Also, the title, as amended by the Act of May 2, 1925, included the words ". . . by

extending the statutes of limitations in actions against decedents' estates." The Act of July 2, 1937, amended the title to the Act of June 7, 1917, by amending the *above italicized words to read as follows*:

"Relating to . . . the survival of causes of action and suits thereupon by or against fiduciaries . . ."; and by further amending the title to the Act of June 7, 1917, as amended by the Act of May 2, 1925, P. L. 442, by omitting from the title, as amended, by the Act of July 2, 1937, P. L. 2755, the following words:

"By extending the statutes of limitations in actions against decedents' estates."

Consequently, the title to the Act of June 7, 1917, P. L. 447, as amended by the Act of July 2, 1937, now contains no words at all limiting the operation of the limitation provision of section 35(b) to situations where statutes of limitation had less than one year to run at the time of the death of the decedent.

. Since the passage of the Act of 1937, therefore, the statute (section 35(b) of the Act of June 7, 1917, as amended) and its title provide as follows:

As to the title, there are no words in the title limiting the operation of the limitation provisions of section 35(b) to cases where the statute of limitation had less than one year to run against the cause of action which survived decedent.

Section 35(b) is amended by the Act of July 2, 1937, to read as follows:

"(b) Executors or administrators shall have power, either alone or jointly with other plaintiffs, to commence and prosecute all actions for *mesne* profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels; and they shall be liable to be sued, either alone or jointly with other defendants, in any such ac-

tion, except as aforesaid, which might have been maintained against such decedent if he had lived.

"All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent may be brought against his executors or administrators at any time within one year after the death of decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred."

All the title to the act now says about the limitation provision above quoted is that it is "An Act relating to the . . . survival of causes of action and suits thereupon by or against fiduciaries; . . ." and not one word about extending the statutes of limitations in actions against decedents' estates.

The Statutory Construction Act of May 28, 1937, P. L. 1019, article V, sec. 74, 46 PS §574, is as follows:

"Whenever a law has been more than once amended, the latest amendment shall be read into the original law as previously amended and not into such law as originally enacted."

This statute means that the title and body to the Act of February 24, 1834, P. L. 70 (the original enactment), as amended by section 35(b) of the Act of June 7, 1917, P. L. 447, the Act of March 30, 1921, P. L. 55, the Act of May 2, 1925, P. L. 442 (the amendments previous to July 2, 1937), are all covered and amended by the Act of July 2, 1937, P. L. 2755.

We conclude that there is nothing in the law, as it now stands, to prevent the application of the limitations provisions of the Act of July 2, 1937, P. L. 2755, from applying to all cases which involve the "Survival of causes of action and suits thereupon by or against fiduciaries . . .", holding that the Act of July 2, 1937, P. L. 2755, is an act of limitation and not of extension.

The suit against the fiduciary not having been instituted within one year of his death, judgment will be

entered in favor of James J. Gerry, administrator of the estate of Philip Hugh Stambaugh, deceased, and against plaintiffs, Victor R. Arnold and Veletta M. Arnold.

And now, to wit, June 13, 1949, it is ordered, adjudged and decreed that judgment is entered in favor of James J. Gerry, administrator of the Estate of Philip Hugh Stambaugh, deceased, one of defendants, and against plaintiffs, Victor R. Arnold and Veletta M. Arnold, with costs of suit.