## Dowling v. Stewart et al.

*James A. Cochrane*, for plaintiff.
*Robert W. Beatty*, for defendants.

SWENEY, J., February 17, 1950.—Since our opinion filed December 14, 1949, permitting defendant to amend her answer, by raising the question of the statute of limitations, defendant has filed her amended answer and has filed a motion for judgment on the pleadings.

The pertinent facts, which bear upon the question herein raised, are that on July 25, 1946, there was a collision between the automobile owned and driven by Charles Stewart, Jr., in which plaintiff was riding as a passenger, and a telephone pole at or near Market Street and Taylor Avenue, in Lower Chichester Town-

ship, this county. As a result of this collision, plaintiff was injured and Charles Stewart, Jr., died on the same day. To recover for his injuries plaintiff commenced suit against the administratrix of the estate of Charles Stewart, Jr., deceased on October 1, 1947.

Defendant contends that plaintiff's right to recover is barred by section 2 of the Act of July 2, 1937, P. L. 2755, since suit was started more than one year after the death of the tortfeasor. The interesting question, thus squarely raised, is whether the Act of 1937 constitutes, in itself, a statute of limitations of one year, where suit is brought against a decedent tortfeasor, or whether the act grants an extension of one year to the existing statute of limitations. If, as defendant contends, the second paragraph of this section is a mandatory limitation of the time within which such action can be instituted, we must grant judgment on the pleadings in favor of defendant; if, however, as plaintiff submits, this section is an extension of the statute of limitations rather than a restriction, then the motion for judgment on the pleadings fails and must be overruled and refused.

Hoppl's Estate, 27 Northamp. 299, and Cunningham v. Horlacher, 17 Lehigh 189, hold flatly that suit must be instituted within one year from the date of the death of the tortfeasor: Thompson v. Peck et al., 320 Pa. 27, seems to contain a dictum which indicates the same construction and is the basis for the decisions in the above cited cases; however, an investigation of the facts in this case shows that suit was instituted after the statute of limitations covering such action had expired and more than one year after the death of the tortfeasor. Stegner v. Fenton, 351 Pa. 292, cited by defendant, is not in point as the decision applies to the action of a decedent's estate as plaintiff rather than as defendant.

However, after full consideration, we believe that the law in this respect should be as enunciated by the case of Bank v. Dietz, 59 York 45; in a well reasoned opinion by Judge Anderson, the court held that the Act of 1937 is an extension of the statute of limitations and not a restriction.