## MacMurray, Admr., v. Yankee Lines, Inc., et al.

*George H. Hafer, Paul S. Lehman* and *Arthur H. Hull*, for plaintiff.

*Robert Siegel*, for defendants.

UTTLEY, P. J., March 14, 1950.—On March 31, 1948, the Chrysler sedan, owned and operated by James M. Gibb, in which his wife, Abigail MacMurray Gibb, and their minor son, James MacMurray Gibb, Jr., were also riding, collided with the truck of the Yankee Lines, Inc., driven by Otto Pugh, its employe.

James M. Gibb and his wife Abigail MacMurray Gibb died at the scene as the result of the collision and the son James MacMurray Gibb, Jr., died the next day, April 1, 1948, at the hospital, also as the result of the

accident. The action in the case was brought March 5, 1949, just 26 days less than one year after the death of James M. Gibb.

The claims of John MacMurray, administrator of the estate of James M. Gibb deceased, and of John MacMurray, administrator c. t. a. of the estate of Abigail MacMurray Gibb, deceased, each of which embrace both a wrongful death and a survival action, were properly joined in one action under Pa. R. C. P. 213 and 2229 governing the joinder of parties. The rights of action, however, are not merged but, in case of recovery, separate verdicts and separate judgments would have to be taken and entered: Fisher v. Diehl, 156 Pa. Superior Ct. 476, 478.

On May 4, 1949, less than 60 days after the above action was brought, defendants, by their attorney, presented their petition under Pa. R. C. P. 213(b) for an order of severance separating the claim of the estate of James M. Gibb, deceased, from the claim of the estate of Abigail MacMurray Gibb, deceased, for the purpose of enabling defendants to join the estate of James M. Gibb, deceased, as an additional defendant in the claim of the estate of Abigail MacMurray Gibb, deceased, and at the same time defendants presented their petition for an extension of the time within which to join the estate of James M. Gibb, deceased, as additional defendant aforesaid.

A rule to show cause was granted on the petition for a severance, and the time for filing the praecipe and complaint to join additional defendant was continued for a period of 30 days after the court's disposal of the petition for a severance.

Plaintiffs on June 16, 1949, filed an answer to the above petitions, wherein they allege that no purpose can be served by the severance prayed for because these petitions were presented over one year after the death

of James M. Gibb, and his estate, under section 35(*b*) of the Act of June 7, 1917, P. L. 447, as last amended by the Act of July 2, 1937, P. L. 2755, cannot now be added as an additional defendant. Section 35(*b*) of the Fiduciaries Act, as last amended, is a statute of limitations, prohibiting the bringing in of the estate of a deceased person, as an additional defendant, over one year after the death of such deceased person.

Section 35(*b*) of the Act of 1917, as last amended by the Act of 1937, as above stated reads as follows:

"Executors or administrators shall have power, either alone or jointly with other plaintiffs, to commence and prosecute all actions for mesne profits or for trespass to real property, and all personal actions which the decèdent whom they represent might have commenced and prosecuted, except actions for slander and for libels; and they shall be liable to be sued, either alone or jointly with other defendants, in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived.

"All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent may be brought against his executors or administrators at any time within one year after the death of the decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred."

Plaintiffs contend that the second paragraph of the above section is a mandatory limitation of the time within which the estate of a deceased person can be joined as an additional defendant, and defendants' petition should therefore be dismissed. Defendants' contention, however, is that the paragraph above mentioned does not apply where the estate of a deceased person is sought to be joined on the allegation of joint liability and to enforce contribution.

The effect and meaning of section 35(*b*) of the Fiduciaries Act, as amended, has been the subject of considerable discussion by the lower courts but we have been unable to find any decision of the appellate courts in which the identical question here involved has been decided.

The statutory history of section 35(*b*) is clearly set forth in the able and exhaustive brief of counsel for plaintiffs and in the recent opinion of Sherwood, P. J., in Arnold et al. v. Stambaugh et al., 73 D. & C. 459. The original section 35(*b*) of the Fiduciaries Act contained no limitation and none was added by the amendment of March 30, 1921, P. L. 55, 58. In the amendment of May 2, 1925, P. L. 442, however, section 35(*b*) was amended by the addition to the title of the words "by extending the statutes of limitations in actions against decedents' estates" and by adding in the body of the section the statute of limitations provision which plaintiffs here seek to enforce. The amendment of July 2, 1937, in force at the time this action was brought, therefore contained no reference in the title to an extension of the statutes of limitation in actions against decedents' estates.

After reading all of the cases cited and those we have been able to find on the subject, the Supreme Court seems to have decided that any action directly against the estate of a deceased person in trespass for damages for personal injuries or death is barred by section 35(*b*) of the Fiduciaries Act, as amended by the Act of 1937, above quoted, if brought more than one year after the death of such deceased person.

In the much discussed case of Thompson et al. v. Peck et al., 320 Pa. 27, 29, the Supreme Court said:

"At the time of Peck's death plaintiffs had a claim against him for personal injuries alleged to have been caused by his negligence. The action was a personal

one and at common law it would have perished with the death of the wrongdoer. To remedy the injustice that resulted from the common-law rule whereby an injured party was denied all relief in the event of the wrongdoer's death prior to the commencement of suit against him, statutes were passed from time to time providing for the survival of the cause of action. The provisions of these statutes have been re-enacted and supplemented by section 35 (b) of the Act of June 7, 1917, P. L. 447, as amended by the Act of March 30, 1921, P. L. 55, and the Act of May 2, 1925, P. L. 442. That section, as so amended, provides in part as follows: 'Executors or administrators . . . shall be liable to be sued . . . in any (personal) action . . . which might have been maintained against such decedent if he had lived. All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent, may be brought against his executors or administrators at any time within one year after the death of the decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred.' Upon Peck's death plaintiffs' rights became subject to the provisions of this statute and were measured by it, and, unless suit was brought against the personal representatives within the time therein prescribed, it is now completely barred. Plaintiffs instituted no proceedings against defendants within the year following December 3, 1933, the date of Peck's death, and their action is therefore barred by the statute."

The opinion in Thompson v. Peck, supra, does not give the date of the accident which, according to Anderson, J., in Bank v. Dietz, 59 York 45, was September 26, 1932. The wrongdoer died December 3, 1933. The first action brought September 20, 1934, sought to be amended December 22, 1934, was set aside as ineffec-

tive. No other action was brought until January 21, 1935, just 1 year, 1 month and 18 days after the death of the wrongdoer and 2 years, 3 months and 25 days after the date of the accident. As plaintiff in the case was required to bring his action within the period of two years from the date of the accident, as extended to December 3, 1934, by the death of the wrongdoer, under section 35(*b*) of the Fiduciaries Act as amended, plaintiff's claim was already barred by the two-year statute of limitations on January 21, 1935, when his action was really brought. In the case at bar the action was brought within one year from the date of the accident and within one year from the death of the wrongdoer, whose estate is sought to be joined as additional defendant, and the proceeding to join additional defendant, on the ground of joint liability, was begun May 4, 1949, less than 60 days after the service of the initial pleading and one year, one month and three days after the date of the accident.

In Stegner, Administrator, v. Fenton, 351 Pa. 292, Justice Drew, who wrote the opinion in Thompson v. Peck, supra, said:

"The statute fixes no limitation of time as to personal actions which are brought by executors or administrators. The limitation of one year mentioned subsequently in the same section of the Act refers only to rights of action brought *against* administrators and executors."

The decision in Thompson v. Peck, supra, has been followed in the opinions of a number of the lower courts, including the opinion of Sherwood, P. J., in Arnold et al. v. Stambaugh et al., 73 D. & C. 459. It should be noted, however, that the same court in a former well reasoned opinion by Anderson, J., in First National Bank of Wrightsville v. Dietz, Exr., 59 York 45, rules exactly contrary to the decision of the court in Arnold v. Stambaugh, supra.

In Zachrel v. Universal Oil Products Co. et al., 355 Pa. 324, 330, Justice Jones in delivering the opinion of the court, said:

"The cause declared on by the plaintiff is at law for tort; and more than a year from the death in suit had elapsed when the writ issued against the additional defendant. The writ was, therefore, too late (Sec. 2, Act of April 26, 1855, P. L. 309, 12 P. S. §1603) to accomplish the joinder of the additional defendant on the basis of *its sole liability:* Lumen v. Paley, supra, at p. 320; Bowers v. Gladstein, 317 Pa. 520, 522, 178 A. 44. Where the Statute of Limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on an allegation that he is *alone liable.* Joinder in such circumstances would be useless: see Bowers v. Gladstein, supra, at p. 522. Cf. Goodrich-Amram Civil Practice, Joinder of Additional Defendants, §2252(a)-9. Obviously, there can be no occasion in such instance for the assertion of a right to contribution by an original defendant who charges *sole liability* to an additional defendant." (Italics supplied.)

While the case last cited holds that a proceeding to join an additional defendant, on the grounds of *sole liability,* begun more than two years after the happening of the accident which caused the injuries, is barred by the statute of limitations, there are quite a number of lower court decisions which hold that an additional defendant may be joined under Pa. R. C. P. 2252, on the ground of joint liability, after the two-year period of limitations has expired: Battle et ux. v. Laurel Line Taxicab Co. et al., 52 D. & C. 534; Werther v. Finn et al., 58 D. & C. 331; Carey et al. v. Petrilak et al., 62 D. & C. 626. The lower court case last cited follows Adam et al. v. Vacquier, 48 F. Supp. 275, wherein

Schoonmaker, J., of the United States District Court for the Western District of Pennsylvania, said:

"It is undoubtedly true that under the Pennsylvania Statute of Limitations any right of action by the plaintiff Adam is barred as against the third party defendant Jansson. But that statute as we view it has no effect upon the right of the defendant, as a third party plaintiff, to recover from the third party defendant Jansson, either indemnity or contribution, if it were found that negligence on the part of the third party defendant caused or contributed to the collision which brought about the injuries to the plaintiff in this case. . . . Even if it did apply, we would hold that the statute of limitations was tolled as to the third party defendant when the suit was brought against the defendant Vacquier."

Recently the Supreme Court in Carlin v. Pennsylvania Power and Light Company, 363 Pa. 543, 545, has adopted the reasoning of the lower court and Federal court decisions above cited, when it affirmed the judgment on the opinion of the court below which reads in part as follows:

"Where the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on an allegation that he is alone liable: Zachrel, Admrx., v. Universal Oil Products Company et al., 355 Pa. 324 (1946). However, the rule is different where the defendant claims and submits facts in the complaint which indicate that the additional defendant is liable over to him, or jointly liable.

" 'The fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant can have no effect on the defendant's right to enforce his claim of contribution or indemnity. The cause of action owned by the plaintiff is distinct

from the cause of action arising out of the duty of the additional defendant to indemnify the defendant.' Goodrich-Amram Rules of Civil Procedure, Comments on Rule 2252 (a)-9."

The law under the foregoing decisions would therefore appear to be: (1) That an action for personal injuries or death directly against the estate of a deceased person, after the expiration of one year from the death of such deceased person, is barred by section 35(b) of the Fiduciaries Act as amended, (2) that where the statute of limitations bars a suit directly against an alleged tortfeasor he may not be joined as an additional defendant in an action for a tort on an allegation that he is *solely liable*, and (3) that an alleged tortfeasor may be joined as an additional defendant on the grounds of *joint liability* after the statute of limitations bars a direct recovery from the joint tortfeasor.

This leaves for our determination only the following question. Is a proceeding by original defendant to join the administrator of the estate of a deceased person as an additional defendant on the grounds of joint liability, which is begun more than one year after the death of decedent, barred by section 35(b) of the Fiduciaries Act as last amended by the Act of July 2, 1937, P. L. 2755?

Assuming, under Thompson v. Peck, supra, that the last paragraph of section 35(b) of the Fiduciaries Act, as last amended, is a statute of limitations, we can see no difference between its application and the application of the other statutes of limitation to actions for personal injuries. If the statute of limitation for actions of trespass for personal injuries in automobile collision cases does not bar the joining of an additional defendant on the grounds of joint liability after the statutory period of two years has run, we cannot understand how section 35(b) as amended, considered as

a statute of limitations, will bar the joining of the estate of a deceased person as an additional defendant in a wrongful death and survival action on the grounds of joint liability after the expiration of the one-year period of limitation therein stated.

In Commonwealth v. Smith et al., 344 Pa. 381, 384, Justice Stern, in delivering the opinion of the court, said:

"Another point raised by defendants is that the administrator was not made a party until after the expiration of a year from the time of decedent's death, and therefore, it is urged, this suit cannot be maintained because of the limitation provided in the Act of June 7, 1917, P. L. 447, section 35 (b), as amended by the Act of May 2, 1925, P. L. 442. Apart from a grave question as to whether that provision does not constitute an extension rather than a restriction of the statutes of limitation, it is sufficient to say that the present proceeding is not one of the kinds of action to which the provision, by its terms, is confined."

In a very logical and well reasoned opinion, Anderson, J., in Banks v. Dietz, supra, resolves the doubt, expressed by Justice Stern in Commonwealth v. Smith, supra, by holding that the last paragraph of section 35 (*b*) of the Fiduciaries Act, as amended, is an extension of the statutes of limitation and not a restriction, that is, it extends the period of the statutes of limitation but does not reduce it. Contrasting the above section with other admitted statutes of limitation and interpreting the word "may", used in the section in its popular and usual sense and meaning, Judge Anderson holds that the section does not bar an action against the administrator of the estate of a deceased person brought more than one year after his death.

The identical question here involved was raised before Bauer, J., Westmoreland County, in the case of

Dunlevy, etc., v. Blair et al., 68 D. & C. 70. John J. Dunlevy, Jr., the father of plaintiff, was killed in the accident which happened April 27, 1947. The action was brought March 15, 1948. The court extended until June 15, 1948, the time within which to file the præcipe and complaint to join the Butler National Bank, administrator c. t. a. of the estate of John J. Dunlevy, Jr., deceased, as an additional defendant. After the filing of the præcipe and complaint of original defendant and the answer of additional defendant thereto, the Butler National Bank, administrator c. t. a. of the estate of John J. Dunlevy, Jr., deceased, was added as additional defendant on the grounds of joint liability. The court held that where a wrongful death action has been instituted within the one-year period of limitations provided by the Act of July 2, 1937, P. L. 2755, original defendant may join the administrator of the estate of a deceased person, killed in the accident, as an additional defendant on the grounds of joint liability, after the expiration of one year from the death of such deceased person, and that such joinder is not barred by the Act of July 2, 1937, supra.

If John MacMurray, administrator of the estate of James M. Gibb, deceased, is joined as an additional defendant in the claim of John MacMurray, administrator of the estate of Abigail Gibb, deceased, and there should be a joint verdict on that claim against original and additional defendants, the court will control the judgment entered upon the verdict so that no execution be issued thereon against the estate of James M. Gibb, deceased, added defendant. The proceeding to join additional defendant under Pa. R. C. P. 2252, on the ground of joint liability, is not an action or right of action such as is contemplated by section 35(b) as amended. It is not an action by plaintiff against added defendant but purely a proceeding for the protection of original defendant and to enable him to enforce con-

tribution from additional defendant. If plaintiffs' contention is correct, as stated in a number of cases cited, a great injustice can result. Plaintiffs in the case at bar had two years from the date of the accident within which to bring their action against original defendant under the Act of June 24, 1895, P. L. 236, 12 PS §34. They might have waited until the last hour of the two years, which in this case would be more than one year after the death of James M. Gibb, and original defendant would have been helpless to protect himself by joining the administrator of the estate of James M. Gibb, deceased, as an additional defendant to enforce contribution. By way of further illustration (suggested by Anderson, J., in Dietz v. Banks, supra), two people are involved in a collision, one is killed in the accident and one permanently disabled thereby. The personal representative of the person who was killed has two years from the date of the accident within which to bring his action against the permanently disabled person. If plaintiffs' contention is correct, however, the action of the permanently disabled person against the personal representative of the person who was killed is barred by section 35(*b*), as amended, unless brought within one year from the death of the person who was killed. In the case at bar this would have placed it within the power of plaintiffs to delay bringing their action for more than one year after the death of James M. Gibb and thus deprived original defendant from joining the administrator of the estate of James M. Gibb, deceased, as an additional defendant on the grounds of joint liability to enforce contribution. It seems that the legislature never could have intended, nor that the appellate courts will permit to continue, a situation which makes possible such a grave injustice. It is this awkward situation which has prompted some of the judges of the lower courts to hold that section 35(*b*) as amended, does not apply to a

proceeding to join an additional defendant on the grounds of joint liability and for the purpose of contribution.

Plaintiffs also contend that defendant's petition for severance should be dismissed because it does not set forth the facts relied upon to establish the joint liability of the estate of James M. Gibb, deceased, as required in a complaint to join an additional defendant under Pa. R. C. P. 2252(*b*). The petition for a severance simply expressed the desire of defendants to join as an additional defendant the estate of James M. Gibb, deceased, on the grounds that the estate is alone liable or jointly liable with original defendants to the estate of Abigail MacMurray Gibb, deceased, in the above case. As the estate of James M. Gibb, deceased, is a party to the action, it cannot, under Pa. R. C. P. 2252, be joined as an additional defendant. Until there is a severance, the præcipe and complaint to join additional defendant cannot be filed and until the complaint is filed the court cannot determine whether original defendant has set forth sufficient facts to warrant a joinder of additional defendant on the grounds of joint liability. We are, therefore, of the opinion that a petition for a severance, alleging the desire to join a party to the action as an additional defendant on the ground of joint liability, presented to the court within 60 days after the service of the initial pleading as required for præcipe and complaint under Pa. R. C. P. 2253, is sufficient to warrant the court in granting the severance. If the complaint, when filed, does not set forth sufficient facts to warrant the joinder it will be dismissed. As the court in its discretion can control the consolidation for trial of cases growing out of the same facts and circumstances, a reconsolidation of these claims can be ordered if the joinder is not allowed.

For the reasons above given the rule to show cause why a severance should not be granted in the above

118

case will be made absolute, and defendants permitted to file their præcipe and complaint to join the estate of James M. Gibb, deceased, as additional defendant within 30 days from this date.

## Decree

Now, March 14, 1950, the rule in the within case is hereby made absolute and the claim of John MacMurray, administrator of the estate of James M. Gibb, deceased, is hereby severed from the claim of John Mac-Murray, administrator of the estate of Abigail Mac-Murray Gibb, deceased, for the purpose of giving the Yankee Lines, Inc., and Otto Pugh, defendants, an opportunity of filing their præcipe and complaint to join John MacMurray, administrator of the estate of James M. Gibb, deceased, as an additional defendant in the claim of John MacMurray, administrator of the estate of Abigail MacMurray Gibb, deceased, in the above case. The præcipe and complaint of defendant for the joinder of additional defendant is to be filed within 30 days from this date as provided in a decree on petition of defendant for extension of time within which to file the same.