## Eberly v. Salisbury

*Herbert Litvin,* for plaintiff.
*Edward Feege,* for defendant.

GRIFO, J. May 16, 1972.—This matter is before the court on defendant's preliminary objections raising the question of lack of personal jurisdiction. The history of the action, which arose out of an automobile collision on October 16, 1969, is as follows:

This case was commenced by means of a complaint filed in the office of the Prothonotary of Northampton County on December 30, 1970. The Sheriff of Northampton County was unable to effect personal service upon defendant, Henry P. Salisbury, at the address listed in the complaint, namely, R. D. 2, Bath, Pa., as defendant had moved his residence to another county.

On April 3, 1971, defendant, Henry P. Salisbury, died intestate. On or about April 7, 1971, plaintiff, through his attorney, filed a praecipe for reinstatement of the original complaint with the prothonotary.

On or about April 20, 1971, the Sheriff of Northampton County forwarded a true and attested copy of the complaint by means of registered mail, return receipt requested, addressed to defendant, Henry P. Salisbury, at R. D. 2, Bath, Pa. On April 23, 1971, this

registered letter, with a copy of the complaint attached, was received by the widow of decedent defendant, Mrs. Patricia Salisbury, at her residence in another county.

On April 19, 1971, the Sheriff of Northampton County served a copy of the complaint upon the Secretary of the Commonwealth by means of a registered letter, return receipt requested.

Defendant filed timely preliminary objections requesting that the complaint be dismissed on the grounds that service of process was not properly effected and that, therefore, the court has no jurisdiction over the named defendant or the personal representative of his estate. We agree.

Jurisdiction over a defendant in every civil action requires a voluntary appearance or valid service of process: 10 P.L.E., Courts, sec. 18, p. 23. Service of process may not be made upon a person dead at the time of the alleged service: 1 Standard Pa. Practice, at p. 596. Although this action was begun at a time when defendant was alive, he died before service of process could be made on him personally. A dead man cannot be made party to an action: Thompson v. Peck, 320 Pa. 27, 181 Atl. 597 (1935); Volk Estate, 38 D. & C. 2d 97 (1965). Where a defendant dies during the pendency of properly instituted suit, the proper party defendant to the action becomes decedent's personal representative, or successor in interest, by substitution under section 602 of the Fiduciaries Act of April 18, 1949, P. L. 512, art. VI, sec. 602, 20 PS §320.-602; and Pennsylvania Rules of Civil Procedure 2351-2353. However, where, as here, the named defendant dies before being served with process, there is no party to succeed in interest. "Successor" is defined by Pa. R. C. P. 2351 as "anyone who by operation of law, election, or appointment has succeeded to the interest

or office of a party to an action." Parties to an action are those who are named as such in the record and are properly served with process: 2 Standard Pa. Practice 299; Gilbert v. Thomson, 7 D. & C. 2d 593 (1956); Love v. Vincent, 37 D. & C. 2d 429 (1964). The rules of substitution, therefore, are not applicable in this matter.

Under the circumstances, plaintiff's proper route would have been to commence an action against the personal representative of Henry P. Salisbury under section 603 of the Fiduciaries Act of April 18, 1949, P. L. 512, art. VI, sec. 603, 20 PS §320.603. Plaintiff contends that service by registered mail on Henry P. Salisbury's widow was valid service on a decedent's personal representative and that all that is required to place this suit on its proper footing is an amendment to the complaint. In effect, the force of the argument is that the reinstatement of the complaint constituted a new cause of action against the personal representative, the only defect being in the caption. The validity of this argument is, in the first instance, conditioned upon (1) a wife's automatically becoming the administratrix of a deceased husband's estate, and (2) her consequent acceptance of service in that capacity. However, the first condition is not the law, and the second, therefore, is not in this case. The law defines an administrator as a "fiduciary appointed under authority of law by a register of wills or orphans' court . . .": Statutory Construction Act of May 28, 1937, P. L. 1019, art. VIII, sec. 101; May 21, 1943, P. L. 301, sec. 1; June 10, 1947, P. L. 518, sec. 1; April 6, 1951, P. L. 66, sec. 1; 46 PS §601(2). Salisbury's widow is not now, nor ever was, his administratrix by any authority whatsoever. Her receipt of service, then, cannot be the basis of jurisdiction. Furthermore, the reinstatement of a complaint does not of itself con-

stitute the commencement of a new or different cause of action which is *thereafter* subject to amendment: 2 Anderson, Pa. Civ. Prac., §1010.2, pages 384-85.

Accordingly, the court enters the following

ORDER OF COURT

And now, to wit, May 16, 1972, the preliminary objections of defendant, Henry P. Salisbury, deceased, are sustained, and plaintiff's complaint is dismissed.