## Bataman v. SEPTA

*Joel Rome*, for plaintiff.

*John Rogers Carroll,* for defendant.

HIRSH, J., September 13, 1972.—This matter arises on defendant's motion for judgment on the pleadings and on the petition of the administratrix of the named plaintiff to amend the complaint. Plaintiff, Mamie Bataman, was involved in an accident on one of defendant's buses on March 26, 1967. On November 13, 1967, plaintiff died. After her death, a summons was issued in her name alone. Defendant issued a rule to file a complaint on February 13, 1968. The complaint was filed, again in the name of the deceased plaintiff alone against defendant. On October 24, 1969, the administratrix of plaintiff's estate filed a suggestion of death and requested substitution of herself as plaintiff. Defendant moved for judgment on the pleadings. The administratrix has now petitioned this court for leave to amend the original complaint by changing the caption to "Grace L. Cordova, Administratrix for the Estate of Mamie Bataman, deceased."

The request of the administratrix for substitution of herself as plaintiff and her petition to amend the complaint have little merit at this point. As of March 26, 1969, the only plaintiff in the action was a deceased person, who clearly could not be a proper party to an action: Thompson v. Peck, 320 Pa. 27. Therefore, as of March 26, 1969, the statute of limitations had run on both the wrongful death action and any survival action without the proper party ever having brought suit: Thompson v. Peck, supra. The administratrix cannot now substitute herself as plaintiff, since Pennsylvania Rule of Civil Procedure 2353 presupposes an actual party in a pending case before substitution is permitted, and there was none in this case: Gilbert v. Thomson, 7 D. & C. 2d 593.

Nor can the administratrix be permitted to change the name of plaintiff under Pa. R. C. P. 1033, even

though such rule should be liberally construed under Pa. R. C. P. 126. As was stated in Casner v. Fisher, 22 D. & C. 2d 1:

"These rules presuppose that a legal party is properly before the Court. You cannot correct the name of a party that has no legal existence, after the statute of limitations has run. Where the action is void there can be no correction of name of a party because to permit a correction would amount to adding a new party after the statute had run, and this, as we have noted, cannot be permitted."

Accordingly, it is therefore ordered that plaintiff's motion to amend the caption is denied. Defendant's motion for judgment on the pleadings is granted.