## Eberly v. Templeton

*Herbert Litvin*, for plaintiff.
*Edward Feege*, for defendant.

GRIFO, J., May 2, 1973.—This case arose out of an automobile accident which occurred on October 16, 1969. It was commenced by means of a complaint filed in the office of the Prothonotary of Northampton County on December 30, 1970, in the name of plaintiff and against Henry P. Salisbury as defendant. The Sheriff of Northampton County was unable to effect personal service upon defendant, Henry P. Salisbury,

at the address listed in the complaint, namely, R. D. 2, Bath, Pa., as the named defendant had moved his residence to another county.

On April 3, 1971, defendant, Henry P. Salisbury, died without ever being served with the complaint. On or about April 7, 1971, plaintiff, through his attorney, filed a praecipe for reinstatement of the original complaint with the prothonotary.

On or about April 20, 1971, the Sheriff of Northampton County forwarded a true and attested copy of the complaint by means of registered mail, return receipt requested, addressed to defendant, Henry P. Salisbury, at R. D. 2, Bath, Pa. On April 23, 1971, this registered letter, with a copy of the complaint attached, was received by the widow of decedent defendant, Mrs. Patricia Salisbury, at her residence in another county.

On April 19, 1971, the Sheriff of Northampton County served a copy of the complaint upon the Secretary of the Commonwealth by means of a registered letter, return receipt requested.

Defendant filed timely preliminary objections requesting that the complaint be dismissed on the grounds that service of process was not properly effected and that, therefore, the court had no jurisdiction over the named defendant or the personal representative of his estate. This court by order dated May 16, 1972, sustained the preliminary objections and dismissed plaintiff's complaint against Henry P. Salisbury.

On March 13, 1972, plaintiff caused Letters of Administration in the Estate of Henry P. Salisbury, deceased, to be issued by the Register of Wills of Lancaster County to defendant herein named, Jere P. Templeton, Esq. On March 20, 1972, plaintiff then filed an amended complaint against the said Jere P.

Templeton as the administrator of the estate of Henry P. Salisbury, deceased.

Defendant then filed preliminary objections in the nature of a motion to strike the amended complaint on the grounds that plaintiff amended his complaint without the consent of the adverse party or by leave of court as required by Pennsylvania Rule of Civil Procedure 1033, and that plaintiff substituted a new party defendant after the statute of limitations had run and without following the procedures set forth in Pa. R. C. P. 2352. Defendant also filed preliminary objections in the nature of a demurrer on the grounds that plaintiff attempted to substitute a new party defendant after the expiration of the statute of limitations.

Turning first to the statute of limitations' question, the applicable statutes read as follows:

20 PS §320.601. "Actions Which Survive

"All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants. April 18, 1949, P. L. 512, art. VI, sec. 601."

20 PS §320.613. "Statutes of limitations; claims not barred at death

"The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death. Nothing in this section shall be construed to shorten the period which would have been allowed by any applicable statute of limitations if the decedent had continued to live." (As amended February 23, 1956, P. L. (1955) 1084, sec. 4.)

On April 3, 1971, defendant, Henry P. Salisbury,

died. His death extended the statute of limitations for one year, until April 3, 1972. According to the facts, as averred in defendant's brief, on March 20, 1972, plaintiff filed his amended complaint against Jere P. Templeton as the administrator of the estate of Henry P. Salisbury, deceased. What other defects there might be in the manner of plaintiff's proceeding, it is obvious that he has not allowed the statute of limitations to run.

Turning to the issue of the procedure for substitution of the administrator, the applicable Pa. Rule of Civil Procedure 2352, reads as follows:

"Substitution of Successor:

"(a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

"(b) If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why he should not be substituted as a party." (Adopted September 30, 1949, effective April 1, 1950.)

Under Pa. R. C. P. 2351, "Successor" is defined as "anyone who by operation of law, election or appointment has succeeded to the interest or office of a *party* to an action." (Italics supplied.) The term "party," however, is nowhere defined in the rules and we must, therefore, turn to prior case law, and recognized authority, for that definition. Anderson states:

"The term 'party' is not defined by the rules and therefore has its ordinary meaning. The mere naming of a person as a defendant does not make him a party to the action.

"A person is not necessarily a party to an action because his name appears in the caption of a praecipe for a writ of summons or a complaint. It is necessary

that he be served or enter an appearance in order to make him a party defendant. If he was named but not served and then died he was never a party for whom his successor may be substituted and by definition the rules governing the substitution of parties have no application": 4A Anderson Pa. Civ. Prac., §2351.2.

In Gilbert v. Thomson, 7 D. & C. 2d 593 (1956), the following is stated concerning who is a party to an action:

"Everyone whose name appears in the caption of the praecipe for writ of summons or complaint is not necessarily a party to the action. 'Parties to an action are those who are named as such in the record and are properly served with process or enter an appearance . . .': Standard Pa. Pract., vol. 2, page 298, §3.

"Although in its broader respects the term 'parties' includes all who are directly interested in the subject matter of suit or some part thereof, and who have a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment rendered, it is ordinarily used to designate only those who are named as such in the record and are properly served with process or enter their appearance: 39 Am. Jur., p. 852."

In that defendant was never served, he was not a party to this action and Pa. R. C. P. 2352 has no application.

Turning to the last of defendant's preliminary objections, that plaintiff amended his complaint without the consent of the adverse party or by leave of court as required by Pa. R. C. P. 1033, let us first set out the language of that rule:

"Amendment: A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may

aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

Here, also, the rule speaks in terms of a "party," making, again applicable, the language quoted above, defining who is a party to an action.

"An amendment of parties assumes the pendency of an otherwise proper action": 2B Anderson Pa. Civ. Proc. §1033.7. "By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action . . . and any such attempted proceeding is completely void and of no effect . . . *there can be no amendment where there is nothing to amend*": Thompson v. Peck, 320 Pa. 27, 181 Atl. 597 (1935). As with Rule 2352, Rule 1033 is also inapplicable to this case because of the fact that decedent, who was never served, was never a party to the action. (Italics supplied.)

The proper method of proceeding in such a case as this is set out as follows:

"In personal actions at law, it seems clear, under the prior practice, that if D is dead when the action is commenced or is living but is not served before his death, he is not a 'party' for purposes of substituting his executor. If the liability of D survives as a matter of law, P must institute a new suit against the executor": 3 Standard Pa. Pract. §2352(b)-4.

Here, plaintiff instituted an amended complaint, within the time period of the statute of limitations, rather than starting a new suit. However, in accordance with the following language, this slight defect must be overlooked:

"The Statute of Limitations had not passed and therefore the Court permitted a subsequent complaint properly naming the actual executor. Although the subsequent pleading was called an amended complaint, the Court held this to be immaterial as there was in fact nothing to amend. The case proceeded as though the amended complaint was an original pleading": Stanford v. Casasanta, 8 Mercer 342 (1968).

Accordingly, the court enters the following

### ORDER OF COURT

And now, to wit, May 2, 1973, defendant's preliminary objections are denied and dismissed, and defendant's demurrer is denied and dismissed.

Defendant is granted leave to plead over within 20 days from the date hereof.