## Pauley *against* Pauley.

After the decease of one, whose interest in his father's estate was secured by recognizance in the orphan's court, an action can be maintained upon the recognizance only by his executor or administrator.

ERROR to *Mifflin* county.

William J. Jones, administrator of John Pauley deceased, against Thomas Pauley, with notice to terre-tenants. *Scire facias sur recognizance* taken in the orphan's court, to recover 126 dollars 11 cents secured to be paid to the plaintiff's intestate upon the death of his mother, being his interest in his father's estate, taken at the valuation by the eldest son in 1807. The widow died on the 31st of July 1820.

The objection to the plaintiff's recovery was, that inasmuch as he had shown no debts to be due by the estate which he represented, there was no necessity for this money going into his hands, and therefore the action should have been in the name of the intestate's heirs, and not his administrator.

The court below was not of that opinion, and a verdict was rendered for the plaintiff for 221 dollars 62 cents.

*E. Banks*, for plaintiff in error.

*Parker*, contra, whom the court declined to hear.

PER CURIAM.—The principle of this case was settled in Ferree *v.* The Commonwealth, 8 *Serg. & Rawle* 312, in which it was determined that until confirmation of the sale of a decedent's land, the estates of the heirs in it are not divested; but that their interests in the pecuniary equivalents then substituted for them are transmuted into money. The principle is equally applicable to parts taken at a valuation, which is in substance a sale; and the wonder is that there should have been a doubt of it in the judgment of counsel. These interests, being money in substance and in form, can be recovered only by the administrator.

Judgment affirmed.