## Oudry-Davis *v.* Findley, Appellant.

*Decedents' estates—Debts due decedent—Right of heirs to sue in their own name.*

One of two sisters, only children of a decedent, has no right to maintain an action at law to recover one-half of a sum of money alleged to have been wrongly paid out by an agent of the deceased, where the plaintiff shows no title from decedent in the latter's lifetime to any part of the money sought to be recovered, nor that the money had been allotted to her since the decedent's death under any family arrangement.

Argued April 21, 1916. Appeal, No. 90, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1914, No. 190, on verdict for plaintiff in case of E. B. Oudry-Davis v. John T. Findley. Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WIL-LIAMS, JJ. Reversed.

Trespass to recover one-half of a sum of money alleged to have been wrongfully paid out by the defendant as agent of the plaintiff's deceased mother. Before CAR-PENTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $586.13. Defendant appealed.

*Error assigned,* among others, was in refusing binding instructions for defendant.

*M. W. Acheson,* of *Sterrett and Acheson,* with him *W. D. Stewart,* for appellant.—Plaintiff in her individual capacity cannot recover one-half the commission paid the real estate agent: Lee v. Wright, 1 Rawle 149; Lisenbigler v. Gourley, 56 Pa. 166; Fretz's App., 4 W. & S. 433; Buchanan v. Buchanan, 75 N. J. Eq. 274; Hill v.

Maffet, 59 S. E. Rep. 325; Griffin v. Brower, 21 Pa. C. C. R. 188.

It must be remembered that this is not a suit by a sole heir. There may be equities between the heirs which could only be adjusted in the Orphans' Court: Eisenbise v. Eisenbise, 4 Watts 134; Edwards v. Hoopes, 2 Wharton 419.

*Thomas M. Marshall, Jr.,* with him *John E. Laughlin* and *Thomas M. Marshall,* for appellee.—Where there are no unpaid debts or outstanding creditors, the law will not require that a useless ceremony be performed, which would subserve no real purpose: McGhee v. Alexander, 104 Alabama 116; MacIntyre v. Chappell, 4 Texas 187; Holzman v. Hibben, 100 Indiana 338; Langsdale v. Woolen, 99 Indiana 575; Ricks v. Hilliard, 45 Miss. 359; Austin v. Snider, 17 Colorado App. 182.

There are a number of Pennsylvania cases where it was held that it was unnecessary to appoint an administrator: McLean v. Wade, 53 Pa. 146; Roberts v. Messinger, 134 Pa. 298; Bacon's Est., 202 Pa. 535; Rapp's Est., 12 Pa. C. C. R. 609; Rittenhouse Est., 8 Pa. Dist. Rep. 700.

OPINION BY TREXLER, J., July 18, 1916:

Catherine Oudry died May 6, 1913, leaving to survive her two daughters. The defendant, Findley, the husband of one of the daughters had charge of the decedent's affairs during the latter years of her life. After her death, he rendered an account showing his receipts and disbursements including items before and since the death. One of the credits claimed was for commissions paid to a real estate agent for securing a tenant for property of decedent, the transaction occurring before the death. He also claimed a percentage on the rents collected since the death. These two items form the principal contention between the parties. Each of the items is of a distinct nature. The first arises through the right

decedent had, if any, to recover from the defendant as
her agent for an unauthorized payment made by him.
The second arises by reason of the ownership of the real
estate which passed to the two daughters on the death of
their mother.    The position of the plaintiff is that she
has a right to sue and recover her one-half of any items
contained in the account which she can prove are not
proper credits and to do this she has brought her present
suit of trespass.    The trial judge allowed all the matters
at variance between the parties to be considered in the
present action.    As to the one branch of the case, the
plaintiff shows no title from decedent in her lifetime to
any part of the money sought to be recovered, nor is the
subject of the suit tangible property given to her since
the death under any family arrangement.

It is a well recognized rule that debts due a decedent
must be collected by his personal representatives.    No
one else unless in exceptional cases has any right to bring
suit and enforce payment.    The cases cited in support
of this rule by the appellant are Eisenbise v. Eisenbise,
4 Watts 134; Lee v. Wright, 1 Rawle 149; Lee v. Gib-
bons, 14 S. & R. 104; Linsenbigler v. Gourley, 56 Pa.
166; Fretz's App., 4 W. & S. 433; Edwards v. Hoopes,
2 Wharton 419; see Pauley v. Pauley, 7 Watts 159;
Ebbs v. Comm., 11 Pa. 374.

There are cases cited by appellee which it is claimed
support the action in the present case, but if we examine
them we find they show some peculiar facts which dis-
pense with the strict application of the rule above stated.
Thus in McLean's Executors v. Wade, 53 Pa. 146,
THOMPSON, J., decides that in the absence of debts the
heirs might settle the estate including the collection of
choses in action without an administrator, but the real
reason for the decision is found in the fact that the
grandfather of the plaintiff in that case had assumed con-
trol over her estate for some 26 years after her father's
death; that this he had done in pursuance of the previ-
ous undertaking with the plaintiff's father and that after

this long course of conduct it did not lie in his mouth nor that of his executors to say that the property did not belong to her.

In Lee v. Gibbons, supra, the liability to account to the children of Wright for property which was held by Lee which belonged to the father's estate was expressly based upon the ground that Lee held the property in trust for the children and had so repeatedly declared and when the same case, Lee v. Wright, came before the Supreme Court in 1 Rawle 149, it was expressly held that an administrator was necessary. There is no doubt where the heirs agree upon the distribution of the property among themselves, and there are no debts, the court will recognize such arrangements and title obtained by the heirs will be sufficient to maintain an action against one interfering with their possession: Walworth v. Abel, 52 Pa. 370, but quoting from the opinion, "It is material to bear in mind in this case, that the widow and heirs are not seeking to recover property of the estate without letters of administration. Ordinarily this cannot be done." In the case before us the court assumed that there being no evidence of any debts the suit was maintainable and that instead of two suits "we might as well cut across lots and thus end the matter in one proceeding." It would certainly be a desirable termination of the controversy but as was said in Lee v. Wright, 1 Rawle 149, "If in one case a particular hardship is to be mended at the expense of general rules, it must be so in other cases."

If we allow one heir in this case to bring suit and recover one-half of a claim which decedent had against any one, why cannot an heir of another decedent who has one-tenth under similar circumstances recover in a separate action and in turn each heir bring his suit for his particular portion? This would be the effect of our decision if we would sustain this action. It must be remembered that this is not a suit by a sole heir. As stated before, there may be cases where the courts will relax

the rule where it is shown that there are no others in-
terested in the matter except plaintiff and defendant,
but this is not such a case.

The judgment is reversed and a venire facias de novo
awarded.