Keith McCLEAN, Appellant

v.

Issac DJERASSI, Appellee.

Superior Court of Pennsylvania.

Submitted Sept. 16, 2013.

Filed Dec. 27, 2013.

Kenneth S. Saffren, Jenkintown, for appellant.

Robert D. Ardizi, Conshohocken, for appellee.

BEFORE: BOWES, PANELLA, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

Appellant, Keith McClean, appeals from the order entered in the Philadelphia County Court of Common Pleas denying his motion for leave to amend his negligence complaint to substitute the defendant's estate, where the defendant had died prior to commencement of the suit and the statute of limitations had run. We affirm, and hold that 20 Pa.C.S. § 3383, which extends the filing period when a defendant is deceased, applies to the initial

---

* Former Justice specially assigned to the Superior Court.

---

filing of a complaint, not a motion to amend complaint.

On April 6, 2010, Appellant allegedly slipped and fell on the sidewalk in front of the property at 2028 Spruce Street in Philadelphia. The record owner of the property was Isaac Djerassi ("Defendant"). Unbeknownst to Appellant, Defendant subsequently died on November 11, 2011. Thereafter, on March 29, 2012, Appellant filed the underlying negligence suit against Defendant.

We recount the ensuing tangled, yet relatively short, procedural history in detail. On April 9, 2012, Appellant attempted service of the complaint on Defendant but failed. An affidavit of non-service was filed on April 19th;[1] it stated in pertinent part:

> I hereby certify and return that on **04/09/2012** at **7:05 PM,** I completed due and diligent attempts to serve [**Defendant, address**]. I therefore return this **Complaint** without service upon [**Defendant**]. Diligent attempts were made per the following notations:
>
> **Mr. Ortdlaf on 1st floor stated that the above is deceased.**

Affidavit of Non–Service (emphasis in original).

While neither the record nor Appellant's brief indicate when Appellant learned that Defendant had died, he filed, on December 11, 2012, a motion for leave to amend complaint, to substitute Defendant's estate as the defendant. On January 2, 2013, the co-executors of Defendant's estate, Ady Lynn Djerassi and Ram Isaac Djerassi (collectively, "the Estate"), filed a motion to intervene. On January 9th, the Honor-

---

1. The affidavit was signed by George Phillips, who averred he was not a party to and did not have a direct personal interest in this action. Affidavit of Non–Service, 12/9/12.

able Leon Tucker granted Appellant's motion to amend.

On January 21, 2013, Appellant filed an amended complaint, substituting the Estate as the defendant, and filed an answer opposing the Estate's motion to intervene.[2] On January 24th, the Estate filed preliminary objections to the amended complaint, arguing the original complaint was a nullity because it was filed against a dead person. Judge Tucker then vacated his January 9th order granting the motion to amend, but did not issue a new ruling.

This case was then transferred to the Honorable Idee C. Fox. On February 6, 2012, Judge Fox struck Appellant's amended complaint and granted the Estate's motion to intervene. On February 14th, Judge Fox denied Appellant's motion to amend, which had been rendered unresolved by Judge Tucker's order merely vacating his prior order granting amendment.

Meanwhile, the Estate's preliminary objections were assigned to the Honorable Ellen Ceisler. On February 21, 2013, she entered the underlying order sustaining the Estate's preliminary objections and dismissing Appellant's amended complaint[3] with prejudice. Appellant took this appeal.[4] The trial court issued two opinions: the first by Judge Ceisler and the second by Judge Fox. Both opinions set forth the same rationale: that Appellant's original complaint was void because the sole defendant was a dead person, the defective complaint could not be cured by amendment, the correct procedure for Appellant was to file a new complaint—which he did not do, and nevertheless Appellant's motion for leave to amend complaint was filed after the statute of limitations had run.

■ Preliminarily, we consider both trial court opinions' statements concerning the propriety of this appeal. Both Judge Ceisler and Judge Fox reason that because the February 6, 2013 order struck Appellant's amended complaint, the Estate's preliminary objections thereto were moot, and thus the underlying February 21st order sustaining the preliminary objections is likewise moot or void. Trial Ct. Op., 4/15/13, at 4; Trial Ct. Op., 5/13/13, at 2 n. 1. Judge Ceisler further suggests that this appeal, accordingly, is void. Trial Ct. Op., 4/15/13, at 4.

■ We agree that the February 6, 2013 order striking Appellant's amended complaint rendered the Estate's previously-filed preliminary objections thereto moot. Nevertheless, Appellant's notice of appeal also stated he was appealing from the court's February 14, 2013 order denying his motion to amend. Thus, we construe this appeal as taken from that order.[5]

---

2. Appellant's opposition to the Estate's motion to intervene appears inconsistent with his naming the Estate as a party the same day.

3. As we discuss in detail *infra*, at this point Judge Fox had struck the amended complaint.

4. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

5. Appellant's notice of appeal as to the February 14, 2013 order is timely. The thirtieth day after February 14, 2013, was Saturday, March 16th. *See* Pa.R.A.P. 903(a) (requiring notice of appeal to be filed within thirty days after entry of order from which appeal is taken). Appellant thus had until Monday, March 18th to file a notice of appeal, and his notice of appeal was filed that day. *See* 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation). Additionally, as we discuss *infra*, we hold Appellant's original complaint was a nullity. Accordingly, the February 14, 2013 order denying his motion to amend complaint is an appealable, final order, as there were no out-

Appellant presents two questions involved to this Court, which we review together: whether the trial court erred or abused its discretion in denying his motion to amend complaint and in calculating the statute of limitations. Appellant maintains that the statute of limitations for his negligence suit ran on April 6, 2012,[6] and that prior to this date, he filed suit against the owner of the property listed with the City of Philadelphia recorder of deeds, who was Defendant. Appellant contends that "[t]he fact that the Estate continued to hold out to the public that [Defendant] owned the property even after his death is clear, precise and convincing evidence of **albeit** unintentional concealment or fraud that would support the tolling of the statute of limitations." Appellant's Brief at 11. Appellant maintains that he justifiably relied upon this conduct. *Id.* at 12. He also avers that he "used all reasonable diligence to properly inform himself of the facts and circumstances" giving rise to his right of recovery and "had no knowledge or reason to know [ ] Defendant was dead when he filed his complaint." *Id.* We find no relief is due.

Our Judicial Code provides that an action to recover damages for injuries caused by another's negligence must be commenced within two years. 42 Pa.C.S. § 5524(2). Section 3383 of our Probate, Estates and Fiduciaries Code, however, provides in part: "The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death." 20 Pa.C.S. § 3383.

This Court has stated:

It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period. Where a defendant or his agent misleads the plaintiff as to the identity of the proper defendants until after the statute of limitations has expired, the proper remedy is to toll the statute of limitations. If through fraud or concealment the defendant causes the plaintiff to relax his or her vigilance or deviate from his or her right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations. The defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied. Mere mistake or misunderstanding is insufficient. Also, mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment. The burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party.

*Lange v. Burd,* 800 A.2d 336, 339 (Pa.Super.2002) (citations omitted).

■ Both trial court opinions relied on the 1935 Pennsylvania Supreme Court decision in *Thompson v. Peck,* 320 Pa. 27, 181 A. 597 (1935). In that case, the plaintiff filed a negligence suit and later learned the defendant had died prior to commencement of suit. *Id.* at 597. The trial court granted the plaintiff leave to substitute the executors of the defendant's estate as the defendant. *Id.* Our Supreme Court reversed, reasoning:

---

standing claims. *See* Pa.R.A.P. 341(b)(1) (defining "final order" as any order that disposes of all claims and of all parties).

**6.** For reasons discussed *infra,* we disagree that the statute of limitations ran on this date.

It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. **A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect[.]** This disposes of the further argument that the defect was cured by the amendment. There can be no amendment where there is nothing to amend. In any event, **an amendment the effect of which is to bring in new parties after the running of the statute of limitations will not be permitted[.]** No proceedings were taken against [the defendant's estate] until after the expiration of the year provided for by the statute; it follows that the action is barred.

*Id.* at 598 (citations omitted) (emphases added). *Thompson* has been consistently followed. *See e.g., Ehrhardt v. Costello,* 437 Pa. 556, 264 A.2d 620, 621–22 (1970); *Lange,* 800 A.2d at 341; *Montanya v. McGonegal,* 757 A.2d 947, 950 (Pa.Super.2000); *Valentin v. Cartegena,* 375 Pa.Super. 493, 544 A.2d 1028, 1029 (1988); *Longo v. Estep,* 289 Pa.Super. 19, 432 A.2d 1029, 1030 (1981). "If a plaintiff commences an action against a person who has previously deceased, the only recourse is to file a new action naming the decedent's personal representative as the defendant." *Montanya,* 757 A.2d at 950.

In the instant matter, we hold that Appellant's original complaint against Defen-

dant was "void and of no effect," as Defendant was deceased at the time of filing. *See Thompson,* 181 A. at 598; *Valentin,* 544 A.2d at 1029. Appellant's insistence that he was entitled to amend the complaint in order to substitute the Estate as defendant is mistaken; *Thompson* clearly states a complaint against a deceased defendant cannot be cured by amendment. *See Thompson,* 181 A. at 598. Appellant's only recourse was to file a new complaint against the Estate. *See Montanya,* 757 A.2d at 950.

■ At this juncture we disagree with Appellant's premise that the statute of limitations on his claim ran on the usual two-year deadline of April 6, 2012. *See* 42 Pa.C.S. § 5524(2). Defendant died within one year prior to that date, on November 11, 2011. Thus, we agree with the trial court that pursuant to section 3383 of our Probate Code, the statute of limitations was tolled for another year after Defendant's death, or November 13, 2012.[7] *See* 20 Pa.C.S. § 3383; Trial Ct. Op., 4/15/13, at 6. The docket reflects that Appellant did not file, and Appellant makes no contention that he filed, a new complaint against the Estate. Instead, he only sought—on December 11, 2012—to amend the complaint, an action which we have deemed above was improper. Accordingly, Appellant's claim that that the court should have tolled the statute of limitations is not applicable; any tolling of a statute of limitations would have applied to a new complaint against the Estate, and there was no such complaint.

Moreover, we would reject Appellant's bald assertion that he "used all reasonable diligence to properly inform himself of the facts and circumstances upon which his right of recovery is based." *See* Appel-

---

7. November 11, 2012, fell on a Sunday, and November 12th was a court holiday. Accordingly, Appellant had until the following day, November 13th, to file a complaint. *See* 1

Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).

lant's Brief at 11. Appellant cites no action undertaken by him to ascertain basic biographical information about the record owner of the subject property. Indeed, he avers that he "had no knowledge or reason to know [ ] Defendant was dead when he filed his complaint." *Id.* This assertion ignores the affidavit of non-service, filed with the trial court on April 19, 2012— approximately seven months prior to the November 13, 2012 statute of limitations we have calculated above—which indicated that someone on the "1st floor stated that [Defendant] was deceased." Affidavit of Non–Service.

■ Furthermore, we would find no merit to his claim that the Estate's representation to the public "that [Defendant] owned the property even after his death [was] clear ... evidence of ... unintentional concealment or fraud." *See id.* The only allegation sounding of an improper "representation" is Appellant's implicit reference that the Estate failed to transfer the deed to the property from Defendant to itself or another person. *See* Appellant's Brief at 12. As stated above, "mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment." *Lange,* 800 A.2d at 339. *See also Montanya,* 757 A.2d at 951 (rejecting plaintiff's argument that widow's failure to inform that husband/defendant had died amounted to active concealment of fact that he was dead, and holding mere silence or nondisclosure was insufficient to show affirmative, independent act of concealment upon which plaintiffs justifiably relied).

For the foregoing reasons, we affirm the order of the trial court denying Appellant's motion to amend his complaint.

Order affirmed.