J.A30042/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF ANNA C. KASYCH, | : | IN THE SUPERIOR COURT OF |
| DECEASED C/O MILDRED CALKINS, | : | PENNSYLVANIA |
| ADMINISTRATRIX | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD H. BUTZ, ESQUIRE, LEVSAVOY | : | |
| BUTZ & SEITZ, LLC., ST. LUKE'S HEALTH | : | |
| NETWORK, INC., AND ST. LUKE'S | : | |
| HOSPITAL ALLENTOWN CAMPUS | : | |
| | : | |
| APPEAL OF: MILDRED CALKINS | : | |
| | : | No. 646 EDA 2015 |

Appeal from the Order Entered February 13, 2015
In the Court of Common Pleas of Lehigh County
Civil Division No(s): 2014-C-0961

BEFORE: MUNDY, JENKINS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 26, 2016**

Appellant, Estate of Anna C. Kasych, Deceased, c/o Mildred Calkins, Administratrix, appeals from the order entered in the Lehigh County Court of Common Pleas sustaining the preliminary objections filed on behalf of Appellees, Edward H. Butz, Esquire, ("Butz") and Lesavoy, Butz & Seitz, LLC ("LB&S"), and the preliminary objections filed on behalf of Appellees, St. Luke's Health Network, Inc., and St. Luke's Hospital-Allentown Campus ("St. Luke's") and dismissing the complaint. Appellant contends the trial court

---

[*] Former Justice specially assigned to the Superior Court.

erred in dismissing the complaint on the basis that the claims were brought by the Estate of Anna C. Kasych. We affirm.

Decedent Anna C. Kasych died on December 21, 2013. Mildred Calkins was appointed the Administratrix of the Estate on February 7, 2014. On June 25, 2014, Appellant filed a complaint against Appellees. Appellant averred claims against Butz and LB&S for breach of contract, professional malpractice, and breach of fiduciary duty. Appellant stated claims against St. Luke's for unjust enrichment/request for imposition of constructive trust, equitable reformation, and for a preliminary and permanent injunction.

Butz & LB&S filed preliminary objections to the complaint on July 14, 2014. St. Luke's filed preliminary objections to the complaint on July 16, 2014. The trial court held a hearing on the preliminary objections on August 18, 2014. On February 12, 2015, the trial court sustained Appellees' preliminary objections and dismissed the complaint.

This timely appeal followed. Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:

> I. Whether the Trial Court erred in *sua sponte* dismissing the complaint on the ground that the caption named the wrong Plaintiff and the Complaint otherwise failed to state claims for breach of contract and professional malpractice where the Objecting [Appellees] expressly withdrew their objection to the caption, and they never filed any preliminary objections as to Plaintiff's breach of contract and professional malpractice claims?

II. Whether the Trial Court erred in dismissing the Complaint on the ground that the claims were brought by the Estate of Anna C. Kasych, instead of by the Administratrix, Mildred Calkins, where (a) Mildred Calkins was named as the Plaintiff in the Complaint on behalf of the Estate; (b) where Mildred Calkins's name appears in the caption as Plaintiff; (c) where Mildred Calkins, as the Administratrix, was named as the only plaintiff in paragraph 14 of the Complaint; (d) where the Trial Court's certified docket itself identifies "Calkins, Mildred, Administratrix of the Estate of Anna C. Kasych" as a Plaintiff, and (e) where the parties entered into a stipulation amending the caption to clarify any perceived ambiguities in the caption?

III. Whether the Trial Court erred in dismissing [Appellant's] claims for breach of contract, professional malpractice, and breach of fiduciary duty against the attorney defendants by a [sic] applying a non-profit or charitable giving exception to a lawyer's duty to a client to provide advice that is free from non-disclosed conflicts of interest?

IV. Whether the Trial Court erred in dismissing [Appellant's] claims for unjust enrichment against the St. Luke's defendants, by finding that no benefit was unjustly conferred on St. Luke's, where, by the advice of compromised counsel, Anna Kasych's joint tenancy with right of survivorship was converted into a tenancy in common, permitting St. Luke's to receive a benefit from property that otherwise would have gone directly to Anna Kasych outside of probate?

V. Whether the Trial Court erred in dismissing [Appellant's] claim for equitable reformation against the St. Luke's defendants, where equitable reformation of the deeds of the real property in question would be available as a remedy under the facts of this case?

Appellant's Brief at 4-5.

We address issues one and two together because they are interrelated. Appellant argues that the court erred in ruling on the preliminary objection, *viz.*, failure to name the proper party in the caption, because "counsel for Butz unambiguously withdrew this objection on the record during the August 18, 2014 oral argument." Appellant's Brief at 30. Appellant contends that the correct plaintiff was identified in the complaint. *Id.* at 33. Appellant concedes that actions on behalf of estates must be brought by the personal representative. *Id.* Appellant cites paragraph fourteen of the complaint[1] in support of the claim. *Id.* at 34. Paragraph 14 provides: "Plaintiff, Mildred Calkins, is the Administratrix of the Estate of Anna C. Kasych (the "Estate") who died on December 21, 2013 . . . . Mildred Calkins was appointed the Administratrix of the Estate by the Lehigh County Orphans' Court on February 7, 2014 . . . ." *Id.*

Appellant claims the trial court erred in dismissing the complaint "based on the an [sic] alleged erroneous caption—without leave to amend and in derogation of the parties' own stipulation to amend—was clearly in error and cannot withstand scrutiny." *Id.* at 38.

---

[1] We note that the notice to defend names the "Estate of Anna C. Kasych, Deceased, *et al*." as the Plaintiff. R.R. at 121a. We refer to the reproduced record for convenience. In the introductory paragraph of the complaint, Appellant avers: "Plaintiff, the Estate of Anna C. Kasych, Deceased ("Estate"), by and through undersigned counsel . . . comes now and complains against Defendants as follows:" *Id.* at 123a. Appellant avers in the complaint that "the Estate now brings the instant action . . . ." *Id.* at 125a.

Our review is governed by the following principles:

> A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient.  Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; **no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer**.  All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.
>
> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred.  The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven.  This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.  When sustaining the [preliminary objections] will result in the denial of claim or a dismissal of suit, [the preliminary objections may be sustained] only where the case [is] free and clear of doubt.

*Hill v. Ofalt*, 85 A.3d 540, 547-48 (Pa. Super. 2014) (emphasis added and citation omitted).

"[A]ll actions that survive a decedent must be brought **by or against the personal representative[2] of the decedent's estate**." *Prevish v.*

---

[2]  The term personal representative is defined as "the executor or administrator of the estate of a decedent duly qualified by law to bring actions within this Commonwealth."  Pa.R.C.P. 2201.

***Nw. Med. Ctr. Oil City Campus***, 692 A.2d 192, 200 (Pa. Super. 1997) (*en banc*) (emphasis added); ***see also*** 20 Pa.C.S. § 3373.[3]

> It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. **A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect[.]** This disposes of the further argument that the defect was cured by the amendment. There can be no amendment where there is nothing to amend. . . .
>
> [***Thompson v. Peck***, 181 A. 597, 598 ([Pa.] 1935).] (citations omitted) (emphases added). ***Thompson*** has been consistently followed. ***See e.g.***, ***Ehrhardt v. Costello***, [ ] 264 A.2d 620, 621–22 ([Pa.] 1970); ***Lange*** [***v. Burd***], 800 A.2d [336,] 341 [(Pa. Super. 2000)]; ***Montanya v. McGonegal***, 757 A.2d 947, 950 (Pa. Super. 2000); ***Valentin v. Cartegena***, [ ] 544 A.2d 1028, 1029 ([Pa. Super.] 1988); ***Longo v. Estep***, [ ] 432 A.2d 1029, 1030 ([Pa. Super.] 1981). "If a plaintiff commences an action against a person who has previously deceased, the only recourse is to file a new action naming the decedent's personal representative as the defendant." ***Montanya***, 757 A.2d at 950.
>
> In the instant matter, we hold that [the a]ppellant's original complaint against Defendant was "void and of no effect," as Defendant was deceased at the time of filing. ***See Thompson***, 181 A. at 598; ***Valentin***, 544 A.2d at 1029. Appellant's insistence that he was entitled to amend the complaint in order to substitute the Estate as

---

[3] Section 3373 provides: "An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive."

> defendant is mistaken; **Thompson** clearly states **a complaint against a deceased defendant cannot be cured by amendment**. **See Thompson**, 181 A. at 598. **Appellant's only recourse was to file a new complaint against the Estate**. **See Montanya**, 757 A.2d at 950.

**McClean v. Djerassi**, 84 A.3d 1067, 1071 (Pa. Super. 2013) (some emphasis added).[4]

Instantly, the trial court opined:

> First and foremost, an estate of the deceased is not a proper party.
>
> \* \* \*
>
> The caption should read Mildred Calkins, Administratrix of the Estate of Anna Kasych.
>
> \* \* \*
>
> The remaining preliminary objections do not need to be addressed because **the action is void as the Estate of Anna Kasych is the only clearly named party and an estate is not the proper party to a lawsuit**.

R.R. at 410-11 (emphasis added).

Instantly, Appellant's claims regarding the oral arguments held on August 18th are unavailing. **See Hill**, 85 A.3d at 547-48. Appellant's complaint was "void and of no effect," as Decedent was deceased at the time

---

[4] We note that Appellant filed another cause of action in Lehigh County. On March 16, 2015, Appellant filed a Praecipe for Writ of Summons, followed by a Complaint on April 15th, captioned as Mildred Calkins, Administratrix of the Estate of Anna C. Kasych, Deceased, Anna C. Kasych, Estate v. Edward H. Butz, Esquire, Lesavoy, Butz & Seitz, LLC, St. Luke's Health Network, Inc., St. Luke's Hospital—Allentown Campus—Civil Action No. 2015-C-0809 (C.C.P. Lehigh County, Pennsylvania-Civil Division).

of filing. **See McClean**, 84 A.3d at 1071; **Prevish**, 692 A.2d at 200. Appellant's claim that the court erred in dismissing the complaint without leave to amend is meritless. **See McClean**, 84 A.3d at 1071. Appellant's only recourse was to file a new complaint. **See id.** We discern no abuse of discretion or error of law by the trial court in dismissing the complaint. **See Hill**, 85 A.3d at 547-48.

Given our resolution of the first two issues, we need not address the remaining issues raised on appeal. Accordingly, we affirm the order sustaining the preliminary objections and dismissing the complaint.

Order affirmed.

Jenkins, J. has joined the Memorandum.

Mundy, J. files a Dissenting Statement.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016