J-S61037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE ESTATE OF AGNES KLEMM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PLATEA CEMETERY ASSOCIATION, | : | |
| | : | |
| APPEAL OF:  ANTHONY DeFRANCO | : | No. 296 WDA 2016 |

Appeal from the Order February 10, 2016
in the Court of Common Pleas of Erie County,
Civil Division, No(s):  13875-2012

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED AUGUST 31, 2016**

Anthony DeFranco ("DeFranco"), on behalf of the Estate of Agnes Klemm ("the Estate"), appeals, *pro se*, from the Order granting the Preliminary Objections filed by Platea Cemetery Association ("Platea") and dismissing his Complaint with prejudice.  We affirm.

DeFranco claims that between 1978 and 1980, Agnes Klemm ("Klemm"), his grandmother, purchased nine cemetery plots from Platea. *See* Complaint, 10/23/15, at 2.  Klemm's husband was buried in the first plot in 1978. *Id.*  Klemm died in 1984, and was buried in the second plot. *Id.*  Joann DeFranco ("Joann"), Klemm's daughter and DeFranco's mother, was named executrix of the Estate. *Id.* at 1.  In May 2012, Joann met with Platea regarding the remaining cemetery plots. *Id.* at 2.  At this time, Platea notified Joann that only two of the plots remained. *Id.*  Joann's husband was buried in a third plot in July 2012. *Id.*  In April 2013,

DeFranco submitted an affidavit from August 2012, wherein Joann passed the legal rights to the remaining plots to DeFranco. *Id.* at 2-3; Sworn Statement, 8/26/12. Subsequent to the initiation of these proceedings, Joann, who died in August 2015, was buried in the fourth plot, leaving DeFranco to claim five unaccounted-for cemetery plots. *See* Complaint, 10/23/15, at 2-3.

In May 2014, DeFranco filed a Writ of Summons. DeFranco purported to file the Writ under the Estate, naming Joann DeFranco as "Executrix" and himself as "Executor." Platea filed Preliminary Objections to the Writ of Summons. The trial court granted the Preliminary Objections. However, this Court determined that preliminary objections to a writ of summons are not permitted by the Pennsylvania Rules of Civil Procedure, and remanded for further proceedings. *Estate of Klemm v. Platea Cemetery Assoc. & Michael Curran*, 131 A.3d 84 (Pa. Super. 2015) (unpublished memorandum).

Thereafter, on October 23, 2015, DeFranco filed a Complaint, asserting claims of breach of contract and theft. DeFranco filed the Complaint on behalf of the Estate, listing Joann as "Executrix" and naming himself "Co-Executor (Beneficiary)."[1] Platea filed Preliminary Objections to the Complaint. The trial court granted the Preliminary Objections and dismissed

---

[1] While Joann died prior to the filing of the Complaint, she purportedly signed the Complaint.

the Complaint with prejudice, due to DeFranco's lack of standing. DeFranco

timely filed a Notice of Appeal.

On appeal, DeFranco raises two issues for our review:

I.    Whether the trial court erred as a matter of law for dismissing the Complaint for lack of standing when the executrix filed the Complaint with [DeFranco]?

II.   Whether the trial court erred in not enforcing discovery, [and] when it dismissed [the] Complaint, not accepting factual averments as true in the Complaint[]?

Brief for Appellant at iii (issues renumbered).

Our standard of review in determining whether a trial court erred in sustaining preliminary objections is well settled. We must consider as true all well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts. However, we are not required to accept a party's allegations as true to the extent they constitute conclusions of law. In conducting our analysis, we observe that preliminary objections, the end result of which would be dismissal of the action, may be properly sustained by the trial court only if the case is free and clear of doubt. This Court should affirm a trial court's order sustaining preliminary objections … where, accepting all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts as true, the plaintiff is not entitled to relief.

*Cable & Assocs. Ins. Agency v. Commercial Nat'l Bank*, 875 A.2d 361,

363 (Pa. Super. 2005) (citations omitted). This Court "is to determine

whether the trial court committed an error of law." *Feingold v. Hendrzak*,

15 A.3d 937, 941 (Pa. Super. 2011).

In his first issue, DeFranco avers that the trial court erred in

dismissing the Complaint for lack of standing. *See* Brief for Appellant at 4-

5. DeFranco asserts that because Joann, acting as executrix of the Estate,

- 3 -

was also a party to the Complaint, standing is not an issue. ***Id.*** at 4.

DeFranco also claims that he is named as a beneficiary. ***Id.***[2]

"Prior to judicial resolution of a dispute, an individual must as a threshold matter show that he has standing to bring the action." ***Pittsburgh Palisades Park, LLC v. Commonwealth***, 888 A.2d 655, 659 (Pa. 2005).

> Standing is a requirement that parties have sufficient interest in a matter to ensure that there is a legitimate controversy before the court. In determining whether a party has standing, a court is concerned only with the question of who is entitled to make a legal challenge and not the merits of that challenge. As a general matter, the core concept of the doctrine of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" and has no right to obtain a judicial resolution of his challenge.

***In re T.J.***, 739 A.2d 478, 481 (Pa. 1999) (citation omitted).

> It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect.

***McClean v. Djerassi***, 84 A.3d 1067, 1071 (Pa. Super. 2013) (emphasis omitted). "[A]ll actions that survive a decedent must be brought by or

---

[2] DeFranco fails to cite to any relevant case law to support his claim. ***See*** Pa.R.A.P. 2119(a) (stating that "the argument shall be … followed by such discussion and citation of authorities as are deemed pertinent.").

against the personal representative[3] of the decedent's estate." ***Prevish v. Northwest Med. Ctr. – Oil City Campus***, 692 A.2d 192, 200 (Pa. Super. 1997) (*en banc*) (footnote added); ***see also*** 20 Pa.C.S.A. § 3373 (stating that "[a]n action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive.").

Here, DeFranco brought this action purportedly on behalf of the Estate. While Joann, as executrix of the Estate, could have properly brought the action, ***see Prevish***, 692 A.2d at 200, she is deceased and cannot sustain the action. ***See McClean***, 84 A.3d at 1071. Moreover, DeFranco is not the executor of the Estate and was not a named beneficiary of the Estate. ***See In re Estate of Luongo***, 823 A.2d 942, 956 (Pa. Super. 2003) (concluding that "a mere showing of a relationship to the decedent and/or beneficiary status under the probated will is insufficient to confer standing[.]").[4] DeFranco also does not indicate that he was Joann's executor. Thus, because the action was brought on behalf of the Estate, DeFranco did not have standing to bring the action. ***See In re Kilpatrick's Estate***, 84 A.2d 339, 340-41 (Pa. 1951) (stating that the administrator of the estate has the right to sue on the estate's behalf and that next of kin have no such

---

[3] A personal representative is defined as "the executor or administrator of the estate of a decedent duly qualified by law to bring actions within this Commonwealth." Pa.R.C.P. 2201.

[4] The affidavit, signed by Joann transferring the funeral plots to DeFranco, does not provide standing to the Estate through DeFranco.

interest); ***see also Oudry-Davis v. Findley***, 64 Pa. Super. 92, 94-95 (Pa. Super. 1916) (noting that heirs do not have standing to recover estate assets in a decedent's name).[5]

Based on the foregoing, the trial court did not err in dismissing DeFranco's Complaint. Based upon our determination, we decline to address DeFranco's remaining claims. We therefore affirm the Order of the trial court sustaining Platea's Preliminary Objections and dismissing DeFranco's Complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016

---

[5] DeFranco could not seek leave to amend the Complaint, as he could not cure the defect. ***See McClean***, 84 A.3d at 1071. His only recourse is to file a new complaint. ***See id.***