J-S15014-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| KAYLEY RYAN | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID K. MCMULLIN, | : | No. 1334 WDA 2018 |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| ZACHARY HOHMAN, DECEASED | : | |

Appeal from the Order Entered September 4, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-16-023331

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    FILED APRIL 15, 2019

This matter is an appeal filed by plaintiff Kayley Ryan (Plaintiff) from an order of the Court of Common Pleas of Allegheny County (trial court) granting summary judgment in favor of the defendant, David K. McMullin, Administrator of the Estate of Zachary Hohman, deceased (Defendant), on the ground that the action was barred by the statute of limitations. For the reasons set forth below, we affirm.

This personal injury action arose out of a motor vehicle accident that occurred in Turtle Creek Borough, Pennsylvania on July 13, 2014, when the car in which Plaintiff was riding was rear-ended at a red light by a car driven by Zachary Hohman (Decedent). Decedent passed away on April 8, 2015 from a cause unrelated to the accident. On July 7, 2016, Plaintiff commenced an action against Decedent in the trial court at Docket No. GD-16-012221. After

_____
* Retired Senior Judge assigned to the Superior Court.

learning, on August 17, 2016, that Decedent was not alive, Plaintiff on September 16, 2016 filed a petition with the Register of Wills to compel administration of Decedent's estate, and on October 18, 2016, Defendant was appointed administrator of Decedent's estate. Plaintiff petitioned to amend her complaint in the GD-16-012221 action to substitute Defendant for Decedent. That petition was denied on November 29, 2016 on the ground that an action against a deceased defendant is a nullity. The July 7, 2016 GD-16-012221 action is not before this Court in this appeal.

Plaintiff commenced this action against Defendant on December 2, 2016, more than two years after the accident and more than one year after Decedent's death. Defendant filed preliminary objections seeking dismissal of the complaint on the ground that it was barred by the statute of limitations. Plaintiff argued in response that Defendant was estopped from asserting the statute of limitations on grounds of fraudulent concealment because Decedent's insurer had not told her counsel that Decedent had died. Plaintiff alleged in this response, which was verified by counsel, that her counsel and Decedent's insurer had exchanged letters after the accident and that the insurer's letters had continued to reference Decedent's name in 2015 and 2016 after his death. Plaintiff's Points in Opposition to Preliminary Objections ¶¶2-9, 12. Plaintiff also alleged that on June 27, 2016, the insurer gave or confirmed an address for Decedent in response to her counsel's telephone request to verify the address where Decedent was living. Id. ¶13. On February 8, 2017, the trial court overruled Defendant's preliminary objections

without opinion.  Plaintiff, in her reply to Defendant's new matter raising the statute of limitations as a defense, denied that her claims were barred by the statute of limitations, but did not plead any facts concerning her claim of fraudulent concealment.  Plaintiff's Reply to New Matter ¶2.

On June 29, 2018, following discovery, Defendant filed a motion for summary judgment asserting that the action was barred by the statute of limitations as a matter of law and the failure of the insurer to notify a plaintiff of the death of its insured does not constitute fraudulent concealment. Plaintiff in response did not submit any affidavit, deposition testimony, discovery responses, or documents received from Decedent's insurer to show that her counsel had been misled by Decedent's insurer or deterred from filing suit earlier.  Instead, Plaintiff submitted an unverified response to the motion and supporting brief that reiterated the factual allegations in her response to Defendant's preliminary objections.[1]  Plaintiff attached to her response documents authored by her own counsel, but did not attach any documents sent to her counsel by Decedent's insurer.  On September 4, 2018, the trial court granted Defendant's motion for summary judgment and dismissed Plaintiff's complaint.

_____

[1] Plaintiff also argued in her response that summary judgment on statute of limitations grounds could not be granted because the trial court had denied Defendant's preliminary objections.  This argument was utterly without merit. The law is clear that the law of the case doctrine and the coordinate jurisdiction rule do not bar a judge from granting summary judgment on a legal issue as to which preliminary objections were previously overruled.  K.H. ex rel. H.S. v. Kumar, 122 A.3d 1080, 1091-92 (Pa. Super. 2015); Silvagni v. Shorr, 113 A.3d 810, 816 (Pa. Super. 2015).

Plaintiff timely appealed the trial court's order to this Court. Plaintiff presents only one issue for our review:

> Whether the trial court committed legal error in granting the defense motion for summary judgment, where it applied incorrect legal standards and/or overlooked contrary controlling law in analyzing the applicable rules and law governing both the grant or denial of a summary judgment motion, and settled decisional law regarding the proper tolling of the statute of limitations where estoppel is raised as a bar to the limitations defense.

Appellant's Br. at 5 (unnecessary capitalization omitted). Our standard of review of the trial court's grant of summary judgment is de novo and the scope of review is plenary. Pyeritz v. Commonwealth, 32 A.3d 687, 692 (Pa. 2011). We conclude that the trial court correctly applied the legal standards governing summary judgment and the statute of limitations, including the law governing estoppel for fraudulent concealment, and therefore affirm.

There is no dispute that the statute of limitations expired before Plaintiff filed this action. Actions "to recover damages for injuries to the person … caused by the wrongful act or neglect or unlawful violence or negligence of another" are subject to a two-year statute of limitations. 42 Pa.C.S. § 5524(2). The fact that the plaintiff was unaware that the defendant had died does not toll the statute of limitations. 20 Pa.C.S. § 3383; McClean v. Djerassi, 84 A.3d 1067, 1070 (Pa. Super. 2013); Lange v. Burd, 800 A.2d 336, 341-42 (Pa. Super. 2002). Furthermore, the fact that the plaintiff unsuccessfully brought an action against the decedent before the statute of limitations expired does not toll the statute of limitations or permit an action

against his estate after the limitation period has expired. Lange, 800 A.2d at 341.

The Probate, Estates and Fiduciaries Code provides that if the defendant dies less than one year before the statute of limitations would expire, an action against the defendant's estate is not barred if it is filed within one year after the defendant's death. 20 Pa.C.S. § 3383 ("The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death"); McClean, 84 A.3d at 1070; Lange, 800 A.2d at 341. That extension of the limitation period, however, is not applicable here because Decedent died in April 2015, more than a year before the two-year statute of limitations expired, and the one-year period from his death expired more than seven months before this action was commenced.

Rather, Plaintiff argues that summary judgment could not be granted because Defendant was barred from asserting the statute of limitations by fraudulent concealment. Where a defendant or his agent actively misleads the plaintiff as to the identity of the proper defendant until after the statute of limitations expires, the defendant is estopped from invoking the statute of limitations with respect to the time period during which the plaintiff was deceived. McClean, 84 A.3d at 1070; Lange, 800 A.2d at 339; Montanya v. McGonegal, 757 A.2d 947, 950 (Pa. Super. 2000); see also Molineux v. Reed, 532 A.2d 792, 794 (Pa. 1987) ("Where, 'through fraud or concealment,

the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry,' the defendant is estopped from invoking the bar of the statute of limitations") (quoting Schaffer v. Larzelere, 189 A.2d 267 (Pa. 1963)).

The burden of proof on this issue is on the plaintiff, however, not the defendant. The plaintiff must prove by clear and convincing evidence that the defendant or his agent made an affirmative misrepresentation or committed an affirmative act of concealment on which the plaintiff justifiably relied. Molineux, 532 A.2d at 794; McClean, 84 A.3d at 1070; Lange, 800 A.2d at 339; Montanya, 757 A.2d at 951. Mere silence by the defendant or his agent in the absence of a duty to speak does not bar the defendant from asserting the statute of limitations. McClean, 84 A.3d at 1070; Lange, 800 A.2d at 339. While intent to deceive need not be shown, mere mistake or misunderstanding by the plaintiff is not sufficient. Molineux, 532 A.2d at 794; McClean, 84 A.3d at 1070; Lange, 800 A.2d at 339.

Plaintiff claims that Defendant was estopped from asserting the statute of limitations because Decedent's insurer continued to reference its insured's name on correspondence with her counsel after April 8, 2015 and did not advise her counsel in those letters that Decedent had passed away. Those allegations are insufficient as a matter of law to constitute fraudulent concealment. Lange, 800 A.2d at 340; Montanya, 757 A.2d at 951-52. An insurer has no duty to notify opposing counsel of its insured's death. Lange, 800 A.2d at 340; Montanya, 757 A.2d at 952. In Lange and Montanya, this Court specifically held that using the insured's name in correspondence

- 6 -

after his death does not constitute an affirmative representation that the insured is alive and does not bar the defendant from raising the statute of limitations or excuse the plaintiff's failure to timely sue the proper party. Lange, 800 A.2d at 340; Montanya, 757 A.2d at 951. Plaintiff's claims concerning Decedent's insurer's correspondence are indistinguishable from Lange and Montanya. Plaintiff did not allege in response to Defendant's summary judgment motion that any of the insurer's letters did more than reference Decedent's name. Plaintiff made no allegation that the insurer's correspondence contained any affirmative statement that Decedent was alive, let alone submit any affidavit, deposition testimony or document sent by the insurer that showed any such affirmative representation.

Plaintiff also contends that on June 27, 2016, her counsel asked the insurer in a telephone call to verify the address where the defendant was living and that the insurer in response gave him an address for Decedent or confirmed the address that counsel had. Even if this unsworn assertion in an unverified pleading could be considered in response to a summary judgment motion,[2] it was not sufficient to satisfy Plaintiff's burden of proving fraudulent concealment. Plaintiff does not contend that her counsel asked the insurer if Decedent was alive and was told that he was alive. Rather, she contends that counsel asked about an address for Decedent and that the insurer gave or

_____

[2] See Pa.R.C.P. 1035.2(2), 1035.3(a)(2) (party opposing summary judgment who bears the burden of proof on an issue must submit evidence to show that it can meet its burden of proof).

confirmed an address. Plaintiff submitted no evidence that the insurer knew that Decedent had died or that the address was invalid at the time of the conversation or at any time before the statute of limitations expired 16 days later, on July 13, 2016.[3] Absent evidence that the insurer knew in this time frame that the Decedent was no longer alive or that the address was invalid, simply providing an address in response to a request for an address does not constitute an affirmative misrepresentation that Decedent was alive and does not estop Defendant from asserting the statute of limitations. Compare Diaz v. Schultz, 841 A.2d 546, 549-51 (Pa. Super. 2004) (defendant estopped from asserting statute of limitations where insurer failed to respond to direct question concerning the identity of the driver of the vehicle despite learning that owner was not the driver two days later and answer to complaint identifying driver was filed after statute of limitations ran even though answer was due before limitation period expired).

Moreover, even if this conversation had misled Plaintiff's counsel, it cannot excuse the delay in filing suit against the correct defendant that occurred here. Plaintiff admits that the insurer, in response to inquiries after the statute of limitations expired, told her counsel on August 17, 2016 that Decedent had died on April 8, 2015. Therefore, even if the alleged June 27, 2016 conversation caused Plaintiff's counsel to believe that Decedent was alive

_____

[3] Plaintiff did not assert in her Pa.R.A.P. 1925(b) statement that she did not have adequate time to take discovery to support her fraudulent concealment claim in the period of over a year between the denial of Defendant's preliminary objections and the filing of the summary judgment motion.

and that he did not have make any further investigation in that regard, he was misled for only a period of 52 days. Plaintiff, however, did not file suit against Defendant within 52 days after learning that she had sued a non-existent party. This action was not commenced until December 2, 2016, three and one-half months after her counsel was fully aware of Decedent's demise.

Because the undisputed facts established that this action was filed after the applicable statutes of limitations had expired and Plaintiff's allegations concerning Decedent's insurer's conduct are insufficient as a matter of law to satisfy her burden to show affirmative misrepresentation or an affirmative act of concealment by clear and convincing evidence, we affirm the trial court's grant of summary judgment in Defendant's favor.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/2019