J-A12001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ELAINE O'HEARN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF GEORGE GIANACOPOULOS, ANDREA BETRESS, AND STEPHEN J. GIANACOPOULOS | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| | : : | No. 1252 MDA 2023 |
| v. | : : : : | |
| WELLS FARGO HOME MORTGAGE, INC. F/K/A WELLS FARGO BANK, N.A. | : | |

Appeal from the Order Entered August 4, 2023
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2013-07170

BEFORE:   PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: AUGUST 5, 2024**

Elaine O'Hearn, individually and as Administratrix of the Estate of George Gianacopoulos, Andrea Betress, and Stephen J. Gianacopoulos (collectively "Appellants") appeal from the order granting summary judgment in favor of Wells Fargo Home Mortgage, Inc. F/K/A Wells Fargo Bank, N.A. ("Wells Fargo") based on the statute of limitations on Appellants' claims. After careful review, we affirm.

The trial court summarized the factual and procedural history as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[Appellants] commenced this action against [Wells Fargo] on December 20, 2013, asserting claims for "waste," conversion, misrepresentation, and negligent infliction of emotional distress. They allege that prior to George's death, he provided a mortgage to Wells Fargo which encumbered his residential property at 227 North Sumner Avenue, and that after George's loan went into default for nonpayment following his death on December 10, 2004, Wells Fargo instituted a mortgage foreclosure action [], on October 5, 2005. They aver that "[s]ubsequent thereto, Wells Fargo unilaterally assumed control over the property after the death of George Gianacopoulos, hiring a company to lock the home and lock out [Appellants]."

It is alleged in the complaint that Wells Fargo "took absolutely no action to protect the property or to secure the property of the estate, both real and personal," as a result of which the property was "burglarized" and "subject to vandalism." [Appellants] maintain that Wells Fargo "failed to pay the taxes on the property," which "resulted in the property being sold at a judicial tax sale on March 25, 2013, as confirmed by the court under Lackawanna County Docket No. 2012-CV-7807." Damages are sought based on the contentions that "Wells Fargo wasted the assets," "Wells Fargo allowed the assets of [Appellants] to be removed from the property," and "Wells Fargo never notified [Appellants] that they were not keeping all property secure." In addition, [Elaine] and Andrea [] claim that Wells Fargo negligently "caused severe distress" to them by failing to protect and secure George's property, which distress manifested itself in "insomnia, vomiting, and headaches" and left them "forever emotionally scarred."

During discovery, [Appellants] testified that through the efforts of their former attorney, William E. Vinsko, Jr., Esquire ("Vinsko"), they were able to access and enter their father's property at 227 North Sumner Avenue in 2009. At that time, they discovered that the property had been "ransacked" by intruders and that George's residence had been damaged and his personal property had been stolen or destroyed. Stephen [] videotaped the interior of the home and its contents on the day in 2009 that [Appellants] entered and examined the property, and the videotape that was produced by [Appellants] in discovery reflects that it was recorded on June 14, 2009.

Although [Appellants] discovered the foregoing damages and losses when they inspected the property on June 14, 2009, they did not institute this litigation until more than 54 months later on December 20, 2013. Following the completion of discovery, and based upon [Appellants]' own testimony, Wells Fargo filed a motion for summary judgment asserting [Appellant]'s claims for waste, conversation, misrepresentation, and negligent infliction of emotional distress are time-barred by the two-year statute of limitations governing those causes of action. In the alternative, it argues that each of those claims are insufficient as a matter of law.

In opposing Wells Fargo's request for summary judgment, [Appellants] contend that the motion for summary judgment is based upon "facts which are disputed by the Complaint of [Appellants]," and that [Appellants]' Complaint lays out specific facts that a trier-of-fact could reasonably find constitute violations of Pennsylvania law." They posit that in light of the "factual averments set forth in [Appellants]' Complaint and all inferences reasonably deducible therefrom that must be admitted as true for purposes of consideration of [Wells Fargo's] motion for summary judgment," the "Summary Judgment Motion must fail." [Appellants] further allege that "[t]he present facts squarely fit within the doctrine of *res ipsa loquitur*," and that the "economic loss doctrine has no application" in this case. However, [Appellants]' brief in opposition does not address Wells Fargo's statute of limitations argument or otherwise challenge Wells Fargo's assertion that [Appellants]' claims are time-barred. Following the completion of oral argument by the parties' counsel on July 6, 2023, Wells Fargo's motion for summary judgment was submitted for a decision.

Trial Court Opinion, 8/4/23, at 2-5 (citations and footnotes omitted). On August 4, 2023, the trial court entered an opinion and order granting summary judgment. This timely appeal followed.

Appellants raise the following issues on appeal:

1. Did the [trial court] err as a matter of law or abuse its discretion in granting [Wells Fargo]'s motion for summary judgment based solely upon the expiration of the governing statutes of limitation?

- 3 -

2. Did the [trial court] err as a matter of law or abuse its discretion in failing to find that the applicable statutes of limitations were equitably tolled as a result of fraudulent concealment on the part of [Wells Fargo]?

Appellants' Brief, at 3 (suggested answers and unnecessary capitalization omitted).

We review a challenge to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Constr. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citations omitted).

The trial court granted summary judgment after determining Appellants' causes of action were barred due to their failure to file their claims within the applicable statute of limitations period.

Appellants concede the applicable statute of limitations period on all of their claims is two years. *See* Appellants' Brief, at 19; *see also* 42 Pa.C.S.A.

§ 5524 (3), (4), and (7). Further, Appellants concede they first discovered the damages and losses that constitute the basis of their complaint on June 14, 2009. **See** Appellants' Brief, at 19.

However, Appellants argue the trial court erred by granting Wells Fargo's motion for summary judgment as Wells Fargo's fraudulent concealment constitutes a basis for tolling the statute of limitations. **See** Appellants' Brief, at 20-21.

The doctrine of fraudulent concealment tolls the applicable statute of limitations under specific circumstances. Based on a theory of estoppel, the doctrine holds that a "defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." **Fine v. Checcio**, 870 A.2d 850, 860 (Pa. 2005) (citation omitted). The doctrine does not require proof of an intent to deceive, but requires proof of an unintentional deception. **See id.** However,

> [t]he defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied. Mere mistake or misunderstanding is insufficient. Also, mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment.

**McClean v. Djerassi**, 84 A.3d 1067, 1070 (Pa. Super. 2013) (citation omitted).

Appellants are held to a standard of reasonable diligence and "a statute of limitations that is tolled by virtue of fraudulent concealment begins to run

when the injured party knows or reasonably should know of his injury and its cause." **Fine**, 870 A.2d at 861. Further, "[t]he plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence." **Id.** at 860 (citation omitted).

On appeal, Appellants assert Wells Fargo representatives "[lied] to the Appellants by lulling them to believe that the []attorneys were working it out in order to permit them access to the Decedent's real property." Appellants' Brief, at 22. To support this claim, Appellants point to Andrea's deposition, in which she testified that Appellants' attorney, Vinsko, had told them several times that "Wells Fargo agreed to give us a key to get what we owned inside, but that always fell through, through firing attorney, hiring attorney, firing attorney, hiring attorney, starting from scratch, so there was no gaining access to our belongings." Deposition of Andrea Betress, 11/21/22, at 39.

First, Appellants failed to address the timeliness of their complaint at all in their answer to the motion for summary judgment. As such, their claim that the statute of limitations should have been tolled based on the doctrine of fraudulent concealment was not raised with the trial court. Accordingly, the trial court did not have a chance to address this claim. It is therefore waived. **See** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

In any event, Appellants fail to impute this claim to Wells Fargo. **See, e.g.,** Deposition of Andrea Betress, 11/21/22, at 39 (Andrea admitting this

information was received secondhand, through their own attorney). We cannot find any relevance between something their own attorney told them, and any improper action committed by Wells Fargo.

Finally, even if this assertion could be imputed to Wells Fargo, Appellants fail to explain how this alleged fraud caused them to "relax [their] vigilance or deviate from [their] right to inquiry into the facts" during the applicable time period. *Fine*, 870 A.2d at 860. Again, Appellants concede they discovered the damages and losses on June 14, 2009. Therefore, "reasonable minds cannot differ" in concluding Appellants knew of their injuries and should have known of the cause of their injuries by June 14, 2009, at the latest. The causes of action therefore existed on that date. Notably, Appellants do not make clear when the fraudulent concealment occurred. It appears Appellants are still referring to the time period between 2005 and 2009 when they claim they did not have access to the property. This does not explain why it took them four years after gaining access to the property to file a complaint.

Appellants claim that the limitations period was tolled is waived and otherwise without merit. Accordingly, the trial court did not abuse its discretion in granting Wells Fargo's motion for summary judgment based on the statute of limitations.

Judgments affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/5/2024